UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALIREZA SALEMI,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No.:  25-CV-3387 JLS (BLM)

**ORDER:**

**(1) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS,**

**(2) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS,**

**(3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT, AND**

**(4) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

(ECF Nos. 1, 2, 3, 9)

1

Presently before the Court are pro se Plaintiff Alireza Salemi's Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2), Motion for Temporary Restraining Order ("TRO Mot.," ECF No. 3), and Motion for Leave to Electronically File Documents ("E-File Mot.," ECF No. 9).  For the reasons stated below, the Court **DENIES** Plaintiff's IFP Application, **DENIES** Plaintiff's E-File Motion, **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**, and **DENIES AS MOOT** Plaintiff's TRO Motion.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

*by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

In Plaintiff's IFP Application, Plaintiff states that his monthly income is $8,000 and that his spouse's monthly income is $3,000, for a total monthly income of $11,000. IFP Appl. at 2. Plaintiff lists Viasat as his employer, with a gross monthly pay of $12,500. *Id.* at 2. He further provides that he has $8,000 in his checking account, $227 in his savings account, and $606,000 in his retirement account. *Id.* Plaintiff lists a home valued at $1,700,000 and a Honda CRV valued at $8,000 as assets. *Id.* at 3. His total monthly expenses are $12,638. *Id.* at 4–5. Because Plaintiff owns a home, owns a vehicle, has savings, and receives a monthly income of at least $11,000, Plaintiff has not demonstrated that paying the $405 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **DENIES** Plaintiff's IFP Application.

### MOTION TO ELECTRONICALLY FILE DOCUMENTS

Plaintiff seeks permission to electronically file in this case. E-File Mot. at 1. Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b)

25-CV-3387 JLS (BLM)

(Sept. 24, 2025) [hereinafter "ECF Manual].[2]  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.*

The *ECF Manual* refers to the Court's official website for CM/ECF technical specifications, *id.* § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 3.5, and Internet Explorer 6.0 and 7.0"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account.  United States District Court, Southern District of California, *CM/ECF Information: General Information*, https://www.casd.uscourts.gov/cmecf.aspx (last visited Oct. 23, 2025).

Here, although Plaintiff has agreed to be bound by the rules and policies in the *ECF Manual*, he has not provided the required particulars about his access to technology conforming to the CM/ECF technical specifications noted above.  *See* E-File Mot. at 1.  Accordingly, the Court **DENIES** Plaintiff's E-File Motion.

## CONCLUSION

In light of the foregoing, the Court:

1.    **DENIES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).

2.    **DENIES** Plaintiff's Motion for Leave to Electronically File Documents (ECF No. 9).

3.    **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE**

---

[2] Available at: https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

25-CV-3387 JLS (BLM)

for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a).

4.    **DENIES AS MOOT** Plaintiff's Motion for Temporary Restraining Order (ECF No. 3).

5.    **GRANTS** Plaintiff an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new IFP Application alleging that they are unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP Motion, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***.

**IT IS SO ORDERED.**

Dated:  March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3387 JLS (BLM)