ADAM GORDON
United States Attorney
GLEN F. DORGAN
Assistant U.S. Attorney
California Bar No. 160502
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7665
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendants United States Department of Homeland Security
And Federal Bureau of Investigation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALIREZA SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No.: 25-cv-03387-LL-GC<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: July 31, 2026<br>Judge: Hon. Linda Lopez<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

**MOTION TO DISMISS**

PLEASE TAKE NOTICE that on July 31, 2026, before the Honorable Linda Lopez, United States District Judge, Defendants United States Department of Homeland Security ("DHS") and Federal Bureau of Investigation (the "FBI") (collectively the "Federal

Defendants") will and hereby do move for an Order dismissing Plaintiff's First Amended Complaint. The Federal Defendants move to dismiss this action pursuant to Rule 8 and Rule 12(b)(1) of the Federal Rules of Civil Procedure. This motion is based upon the following Memorandum of Points and Authorities, all pleadings and filings in this action, and upon any such other matters or argument that the Court may permit.

Per the Court's Chambers Rules, the above-identified hearing date does not indicate a date for when appearances are necessary; rather, the date sets the briefing schedule for the motion pursuant to the applicable local rules including Civil Local Rule 7.1(e).[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF MOTION

In his First Amended Complaint ("FAC") [ECF #16], Plaintiff alleges that the Federal Defendants are part of an unlawful "enterprise," along with several local, county, and state government entities, that is engaged in "persistent monitoring, psychological intimidation, and physical neutralization of the Plaintiff." FAC, ¶¶ 1-4, 13-23, 63-64. As set forth below, the FAC violates Rule 8 in two significant respects. First, while the FAC expressly asserts *Bivens* claims against DHS and the FBI, the FAC includes contradictory allegations suggesting that the claims are reserved for individual defendants who have not yet been identified. Second, while portions of the FAC appear to limit the causes of action against the Federal Defendants to the *Bivens* claim and an "alternative" APA claim, many additional causes of action are plead against "Defendants" generally, creating confusion as to whether the Federal Defendants are subject to those additional claims as well. The Federal Defendants, therefore, have been denied fair notice of Plaintiff's claims, and dismissal is warranted under Rule 8.

Separately, dismissal is warranted under Rule 12(b)(1) for lack of subject-matter jurisdiction. As explained below, a *Bivens* claim cannot be asserted against a federal agency,

[1] Because Plaintiff is appearing pro se and is not an attorney, this motion is excepted from the general rule requiring a conference of counsel prior to filing the motion.

and APA relief is unavailable when, as here, the claim seeks remedies made available under the Freedom of Information Act.

## II. LEGAL STANDARD

### A. Rule 8 – Failure to Provide "Fair Notice"

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Accordingly, a complaint may be dismissed under Rule 8 where it is so confusing or ambiguous that its "true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

The pleading standard under Rule 8 ensures that defendants are given "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). Accordingly, compliance with Rule 8 requires that the plaintiff "fully set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Without this standard, "Defendants are . . . put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all." *Id.* at 1179-80.

Though *pro se* complaints are "liberally construed"— held to a lesser standard than formal pleadings — such complaints must still contain some semblance of a statement of a claim upon which relief can be granted. Fed. R. Civ. P. 8(a), (e); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction

establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

## III. ARGUMENT

### A. Summary of FAC

As noted above, Plaintiff alleges in the FAC that the Federal Defendants are part of an unlawful enterprise engaged in harassing Plaintiff. FAC, ¶¶ 1-4, 13-23, 63-64. Beyond this general allegation, Plaintiff's specific factual allegations against the Federal Defendants are sparse. As to DHS, Plaintiff alleges only that (i) the agency awards "UASI/HSGP grant funds" to other members of the enterprise, (ii) DHS somehow "coordinates the regional surveillance" undertaken by the enterprise, and (iii) DHS' "silence" in response to Plaintiff's complaints regarding the misapplication of grant funds has "empowered local Defendants to continue the assault on Plaintiff's family." *Id.*, ¶¶ 7(c), 8(b), 18A., 21, 57. As to the FBI, Plaintiff alleges only that the agency (i) received "field reporting" from other members of the enterprise, and, after Plaintiff presented "two separate tip submissions" to the FBI, (ii) the FBI "deliberate[ly] suppress[ed]" unspecified "reports related to Plaintiff's family's safety" by returning "a FOIA response of 'no responsive records.'" *Id.*, ¶¶ 10, 22, 51, 56, 73.

Against this backdrop, the FAC asserts a *Bivens* claim and an "alternative" APA claim against the Federal Defendants. *See* FAC, ¶¶ 74-75.[2] In support of the *Bivens* claim, Plaintiff alleges that DHS's "funding, oversight, and coordination . . . of warrantless surveillance" violated his Fourth Amendment right, *id.*, ¶ 75, and the FBI's "Suppression of Tip Submissions" violated his First Amendment right, *id.*, ¶ 74. In support of the APA

[2] As noted below, it is unclear whether these are the only claims asserted against the Federal Defendants.

claim, Plaintiff alleges "the FBI's FOIA response" is arbitrary and capricious, because (Plaintiff claims) the underlying circumstances "cannot reasonably result in 'no responsive records' absent destruction or concealment." *Id.*

For relief, Plaintiff demands "Bivens monetary damages from individual FBI officers," or, alternatively, an order "compelling the FBI to produce the tip submission records and conduct the investigation that was unlawfully withheld." *Id.*; *see id.* ¶ 101 ("Plaintiff seeks no monetary damages directly from the United States Treasury. All damage claims against federal defendants are against individual officers in their personal capacities.").

**B. The FAC Violates Rule 8**

For two principal reasons, the Federal Defendants are unable to ascertain the nature and scope of the claims against them.

First, it is unclear clear whether the *Bivens* claim is asserted against the Federal Defendants in the first instance. As noted above, the FAC asserts that *Bivens* remedies are only sought against "individual officers." *See* FAC, ¶ 101. Yet, this allegation cannot be squared with either the caption for the "Sixth Claim," which clearly reads, "Bivens Claims Against Federal Defendants (DHS and FBI)," or the allegations of the FAC asserting (albeit incorrectly) that *Bivens* supplies a waiver of sovereign immunity. *Id.*, ¶¶ 74, 101. Moreover, the FAC does not name any individual federal officers. Indeed, the Doe allegations appear to be place holders for a number of *non*-federal employees. *Id.*, ¶¶ 14-15, 23. The FAC, therefore, fails to comply with Rule 8's requirement of fair notice.

Second, it is unclear whether additional claims—aside from the *Bivens* and APA claims—are at issue. The FAC asserts roughly seventeen separate causes of action.[3] Many of those claims are pled generally against all "Defendants." *See*, *e.g.*, *id.*, ¶¶ 73 (alleging in

---

[3] The exact number of claims is unclear. *See, e.g.,* FAC, ¶¶ 74-75 (asserting a *Bivens* claim and an APA claim under one heading, "Sixth Claim—Bivens Claims Against Federal Defendants (DHS and FBI)"; ¶¶ 76-78 (asserting another "Sixth" claim, this time for "Discrimination").

support of the "Fifth Claim" that "Defendants conspired to deprive Plaintiff of his constitutional rights"); 84 (asserting a Bane Act claim against "Defendants"); 85 (asserting a "Child Endangerment" claim against "Defendants whose conduct placed Plaintiff's minor autistic son in situations of risk"). While there are some clues suggesting that only the *Bivens* and APA claims are at issue, *see*, *e.g.*, *id.*, ¶ 101 (alleging sovereign immunity waivers for *Bivens* and APA relief and not for, e.g., FTCA liability),[4] these hints are insufficient to afford the fair notice required by Rule 8.

Given these Rule 8 defects, the Court should grant this motion and dismiss the FAC. *See Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding dismissals under Rule 8 where complaints were "confusing," "ambiguous, and unintelligible").

**C. The Court Lacks Subject Matter Jurisdiction**

Assuming the FAC *is* asserting a *Bivens* claim against the Federal Defendants, it suffers from a fatal defect: the Supreme Court has held that there is no jurisdictional basis to imply a *Bivens* claim against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). As the Supreme Court explained, "the fact that we implied a cause of action against federal officials in *Bivens* [is] in part *because* a direct action against the Government was not available." *Id.* at 485.

Similarly, courts uniformly decline jurisdiction over APA claims when such claims seek remedies made available under the Freedom of Information Act. *See Gonzales and Gonzales Bond and Ins. Agency Inc v. U.S. Dept. of Homeland Sec.*, 913 F. Supp. 2d 865, 872 (N.D. Cal. 2012); *Columbia Riverkeeper v. Federal Energy Regulatory Com'n*, 650 F. Supp. 2d 1121, 1126 (D. Or. 2009); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010). The reason is simple: the "purview of the [APA] . . . does not encompass review of

[4] Plaintiff also asserts that the Federal Defendants have waived sovereign immunity under the doctrine of *Ex parte Young*. FAC, ¶ 101. But Plaintiff's reliance on this doctrine is misplaced; the doctrine concerns *state* sovereign immunity under the Eleventh Amendment. *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).

agency actions where other adequate avenues of redress exist." *Gonzales and Gonzales*, 913 F. Supp. 2d at 872 (citing, *inter alia*, 5 U.S.C. §§ 703, 704).

Given these jurisdictional defects, the Court should dismiss Plaintiff's *Bivens* and APA causes of action against the Federal Defendants with prejudice and without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Federal Defendants respectfully request that the Court grant their motion to dismiss the FAC in its entirety.

DATED: June 26, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Glen F. Dorgan*
GLEN F. DORGAN
Assistant United States Attorney

Attorneys for Federal Defendants