FILED
JUL 06 2026
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY tmc DEPUTY

Alireza Salemi
2735 Palomar Airport Road, Carlsbad, CA 92009
(720) 208-8755 | alireza.salemi@udo.edu
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 3:25-cv-03387-LL-GC

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS [ECF NO. 31]**

**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**

Judge: Hon. Linda Lopez
Mag.: Hon. Guillermo Cabrera

Hearing: July 31, 2026

## I. INTRODUCTION

Plaintiff Alireza Salemi, proceeding pro se, opposes the Federal Defendants' Motion to Dismiss the First Amended Complaint [ECF No. 31]. The Motion should be denied; alternatively, any dismissal should be WITHOUT PREJUDICE and with leave to file a clean Third Amended

Complaint ("TAC").

The Motion raises two Rule 8 notice objections and two jurisdictional points. Plaintiff concedes the two jurisdictional points that are correct as a matter of law — and shows that conceding them costs the case nothing — and shows that the Rule 8 objections are curable drafting matters, not incurable defects. Dismissal with prejudice against a pro se plaintiff, on a first Rule 8 challenge, at the pleading stage, before any discovery, is not warranted. The correct remedy is leave to file one clean, consolidated TAC.

## II. LEGAL STANDARD — PRO SE PLEADINGS AND LEAVE TO AMEND

A pro se complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Where a pro se plaintiff's complaint is deficient, the Court must grant leave to amend unless it is "absolutely clear" that the deficiencies cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. RULE 8 — THE FEDERAL DEFENDANTS HAD FAIR NOTICE, AND ANY IMPRECISION IS

CURABLE BY AMENDMENT The Motion raises two Rule 8 objections: (1) that it is unclear whether the Bivens claim is asserted against the agencies or against individual officers, and that the FAC's Doe placeholders appear to reference non-federal personnel; and (2) that it is unclear which of the FAC's remaining causes of action are directed at the Federal Defendants. Neither supports dismissal with prejudice.

First, the FAC's governing statement is unmistakable, and the Federal Defendants quoted it

themselves: "All damage claims against federal defendants are against individual officers in their personal capacities." FAC ¶ 101; see Motion at 4-5 (quoting FAC ¶ 101). A defendant who quotes the operative paragraph cannot claim it lacked notice of the theory. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008) (Rule 8 dismissal is reserved for pleadings so confusing their substance is "well disguised"). Any inconsistency between ¶ 101 and a claim caption is a drafting error, not an incomprehensible pleading — unlike Cafasso v. General Dynamics C4 Systems, 637 F.3d 1047 (9th Cir. 2011), on which the Motion relies, which involved a 733-page unintelligible complaint. As to the Doe placeholders, Plaintiff will cure the point in the TAC by designating a distinct block of Doe defendants for the individual DHS and FBI officers, separate from the Doe numbers used for non-federal actors, and will identify them through discovery and his pending FOIA appeal. Where a defendant's identity is unknown before filing, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); accord Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Second, to the extent it is unclear which claims are directed at the Federal Defendants, that too is curable by amendment. Amendment is not hypothetical: a motion for leave to file a Second Amended Complaint has been pending since May 4, 2026 [ECF No. 25], and the TAC will carry forward a Claims-by-Defendant Matrix that maps each claim to each defendant, giving every defendant fair notice. Plaintiff will file the TAC in compliance with Civil Local Rule 15.1, attaching the proposed pleading.

## IV. THE TWO JURISDICTIONAL POINTS ARE CONCEDED AND ARE CURABLE

Plaintiff concedes the two points the Motion gets right. Neither supports dismissal with prejudice.

**A. Bivens does not lie against a federal agency. Plaintiff agrees that a**

Bivens damages action cannot be maintained against DHS or the FBI as agencies. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). This concession costs the case nothing: the damages claims are asserted against the individual federal officers in their personal capacities, not against the agencies as entities. No money damages are sought from DHS or the FBI as entities. The agencies remain proper defendants for prospective non-monetary relief under the Administrative Procedure Act, 5 U.S.C. § 702 — a claim distinct from the barred Bivens damages theory, and one the TAC will frame with particularity.

**B. Ex parte Young does not apply to federal defendants. Plaintiff concedes** that Ex parte Young, 209 U.S. 123 (1908), addresses state sovereign immunity under the Eleventh Amendment and does not supply a waiver as to federal defendants. Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016). To the extent the FAC references an Ex parte Young theory as to DHS and FBI, that reference is erroneous and will be removed in the TAC.

These are drafting corrections, not incurable defects. Lopez, 203 F.3d at 1130.

## V. THE FBI CLAIM SHOULD BE REPLEADED, NOT DISMISSED WITH PREJUDICE

The Motion argues the FBI claim is barred because the APA does not reach conduct for which FOIA supplies a remedy, citing Gonzales & Gonzales Bonds v. DHS, 913 F. Supp. 2d 865 (N.D. Cal. 2012); Columbia Riverkeeper v. FERC, 650 F. Supp. 2d 1121 (D. Or. 2009); and Feinman v. FBI, 713 F. Supp. 2d 70 (D.D.C. 2010). To the extent the FAC framed the FBI claim under the APA, Plaintiff will replead it in the Third Amended Complaint as a Bivens claim against the individual FBI officers alleged to have failed to act on his reports concerning a threat to his minor son. The Gonzales, Riverkeeper, and Feinman line does not apply: those cases concerned requests for existing agency records; Plaintiff's submissions were tip reports

about a death threat against a minor child — there is no FOIA remedy for suppression of a safety tip, and the APA bar does not reach that conduct. Whether that claim ultimately proceeds is a merits question not resolved on a Rule 8 motion, and the FOIA/APA authorities the Motion cites do not render amendment futile. Leave to amend is the appropriate course. Lopez, 203 F.3d at 1130-31.

## VI. DISMISSAL WITH PREJUDICE IS NOT WARRANTED

The Federal Defendants ask the Court to dismiss with prejudice and without leave to amend. That relief is reserved for cases where amendment would be futile, and futility must be "absolutely clear." Lopez, 203 F.3d at 1130-31; Foman, 371 U.S. at 182. It is not clear here. This is Plaintiff's first Rule 8 challenge; the case is at the pleading stage; no discovery has occurred; and amendment is already underway.

Nor has Plaintiff had a prior opportunity to cure the defects the Motion now raises. The original complaint was dismissed without prejudice on in forma pauperis screening [ECF No. 14], not on any Rule 8 or merits ruling. Plaintiff's subsequently lodged Second Amended Complaint was stricken on a filing-format discrepancy [ECF Nos. 20, 21], never reaching the merits. No court has yet ruled on the sufficiency of the operative First Amended Complaint; the Motion is the first substantive challenge to it. This is therefore not a case of "repeated failure to cure deficiencies by amendments previously allowed," Foman, 371 U.S. at 182 — no amendment addressing these defects has ever been allowed and then failed. The Federal Defendants identify no prejudice, undue delay, or bad faith that would justify denying leave.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. GRANT Plaintiff leave to file, within 30 days of the Court's order, a single, clean Third Amended Complaint that (a) designates a distinct block of Doe defendants for the individual DHS and FBI officers, (b) asserts Bivens and RICO damages only against those individual officers, (c) asserts non-monetary claims against the agencies, (d) removes any Ex parte Young reference as to the Federal Defendants, and (e) carries forward the Claims-by-Defendant Matrix so that each defendant has fair notice; OR
2. DENY the Motion to Dismiss; OR
3. To the extent any claim is dismissed, dismiss it WITHOUT PREJUDICE with leave to amend as set forth in paragraph 1.

Respectfully submitted,

Dated: July 06, 2026

ALIREZA SALEMI
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I, Alireza Salemi, certify that on July 06, 2026, I served the foregoing on counsel of record for the Federal Defendants by U.S. Mail and, where authorized, by electronic mail:

Glen F. Dorgan
Assistant United States Attorney

Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
glen.dorgan@usdoj.gov

______________________________

ALIREZA SALEMI
Plaintiff, Pro Se