**DEVANEY PATE MORRIS & CAMERON, LLP**
William C. Pate (SBN 206983)
wpate@dpmclaw.com
Christina C. Mihelich (SBN 351526)
cmihelich@dpmclaw.com
Marley A. Smith (SBN 356724)
msmith@dpmclaw.com
402 W. Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-354-5030
Facsimile: 619-354-5035

Attorneys for Defendant ENCINITAS UNION SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI, also known as Ali,

Plaintiff,

v.

CARLSBAD POLICE DEPARTMENT; CITY OF CARLSBAD; DR. ZORROS DDS; DENTAL HYGIENIST ALLISON; FEDERAL BUREAU OF INVESTIGATION; STAYBRIDGE SUITES CARLSBAD/IHG; U.S. DEPARTMENT OF HOMELAND SECURITY; SMILES FOR HEALTH DDS; ENCINITAS UNION SCHOOL DISTRICT; CITY OF SAN DIEGO; CALIFORNIA DENTAL BOARD; SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER, and DOES 1-70,

Defendants.

Case No.: 25-cv-03387-LL-GC

**DEFENDANT ENCINITAS UNION HIGH SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE**

Date: September 2, 2026
Courtroom: 14B
Judge: Honorable Linda Lopez

**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**

Trial: Not Set.

PLEASE TAKE NOTICE that on September 2, 2026, or as soon thereafter as the matter may be heard before the Honorable Linda Lopez, in Courtroom 14B of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California, Defendant Encinitas Union School District ("District") will, and hereby does, move this Court for an Order dismissing Plaintiff's First Amended Complaint

("FAC") pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), and striking immaterial, improperly plead allegations pursuant to Rule 12(f).

First, Plaintiff lacks Article III standing to assert claims based upon alleged injuries sustained by his Minor Son because the Minor Son is not a party to this action and Plaintiff, proceeding pro se, may not prosecute claims on his son's behalf. Accordingly, to the extent the FAC is predicated upon injuries allegedly sustained by Plaintiff's Minor Son, this Court lacks subject matter jurisdiction over those claims.

Second, the FAC fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and fails to state any claim upon which relief may be granted under Rule 12(b)(6). Although Plaintiff asserts numerous federal and state causes of action against a multitude of public and private entities, the FAC fails to identify which factual allegations support which causes of action against the District, repeatedly groups unrelated defendants together, and relies on conclusory allegations, speculation, and legal conclusions rather than well-pleaded facts.

As alleged against the District, the FAC is based almost entirely on (1) allegations concerning injuries allegedly sustained by Plaintiff's Minor Son during recess at Flora Vista Elementary School and (2) Plaintiff's dissatisfaction with the District's response to a California Public Records Act request, from which Plaintiff speculates that the District participated in a broad conspiracy involving numerous governmental agencies and private entities. Even accepting those allegations as true, they fail to plausibly establish any cognizable federal or state cause of action against the District under the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556, 678 U.S. 662 (2009).

Third, this Motion is further based upon the ground that this action is substantially duplicative of Plaintiff's previously filed lawsuit, Case No. 3:25-cv-02934-AGS-MSB, which involves substantially the same parties, factual allegations, and causes of action and is currently pending before this Court. Because the two actions arise from the same nucleus of operative facts and seek substantially the same relief, dismissal or, alternatively,



DPMC | Devaney Pate Morris & Cameron LLP

consolidation is appropriate under the Court's inherent authority to manage duplicative litigation.

Finally, in the alternative, the District moves to strike Plaintiff's allegations concerning events that allegedly occurred after the filing of the original Complaint. Plaintiff neither sought nor obtained leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d), and those post-complaint allegations are therefore improper and should be stricken pursuant to Rules 12(f) and 15(d).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of William C. Pate and exhibits attached thereto, all pleadings and papers on file in this action, any matters of which the Court may take judicial notice, such further evidence and argument as may be presented before or at the hearing on this Motion, and any reply papers filed by the District.

Dated: July 29, 2026

DEVANEY PATE MORRIS & CAMERON, LLP

By: /s/ William C. Pate
William C. Pate
Christina C. Mihelich
Marlev A. Smith
Attorneys for Defendant
ENCINITAS UNION SCHOOL DISTRICT

DPMC | Devaney Pate Morris & Cameron LLP