Rebecca M. Gabroy (State Bar No. 303824)
rgabroy@wshblaw.com
Courtney M. Sherman (State Bar No. 356936)
csherman@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Phone: 949.757.4500 ♦ Fax: 949.757.4550

Attorneys for Defendant, Carlsbad Hospitality LLC, dba Holiday Inn Carlsbad & Staybridge Suites Carlsbad erroneously sued as Staybridge Suites Carlsbad / IHG Hotels & Resorts

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ALIREZA "ALI" SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION; CITY OF CARLSBAD; CARLSBAD POLICE DEPARTMENT; CITY OF SAN DIEGO; SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER (SD-LECC); ENCINITAS UNION SCHOOL DISTRICT; STAYBRIDGE SUITES CARLSBAD / IHG HOTELS & RESORTS; SMILES FOR HEALTH DDS; CALIFORNIA DENTAL BOARD; DOES 1-50,<br><br>Defendants. | Case No. 3:25-CV-03387-JLS-GC<br><br>**DEFENDANT CARLSBAD HOSPITALITY LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>The Hon. Janis L. Sammartino, Crtm, 4D<br><br>Trial Date: None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 24, 2026 at 1:30 p.m. or as soon thereafter this matter may be heard, before the Honorable Janis L.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

Sammartino, United States District Judge in the above-entitled court, located at 221 W. Broadway, San Diego, CA 92101, Courtroom 4D, Defendant, Carlsbad Hospitality LLC, dba Holiday Inn Carlsbad & Staybridge Suites Carlsbad erroneously sued as "Staybridge Suites Carlsbad / IHG Hotels & Resorts", ("the Hotel") will and hereby does move this Court pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 9(b), and 12(f), for an order dismissing each and every claim asserted against the Hotel in Plaintiff Alireza Salemi's First Amended Complaint (the "FAC").

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

This Motion is also made on the grounds that the FAC fails to state any claim against the Hotel upon which relief can be granted; that Plaintiff lacks statutory standing to pursue his civil RICO claim; and that the FAC's scandalous, immaterial allegations should be stricken. Specifically:

1. The civil RICO claims (Counts under 18 U.S.C. §§ 1962(c), (d)) fail because Plaintiff pleads only non-cognizable personal injuries rather than injury to "business or property," alleges no predicate act by the Hotel that qualifies as "racketeering activity" under 18 U.S.C. § 1961(1), and pleads no plausible enterprise, pattern, or agreement in which the Hotel participated.

2. The civil-rights conspiracy claims (42 U.S.C. §§ 1985, 1983) fail because Plaintiff alleges no class-based discriminatory animus, no plausible agreement, and no facts making the Hotel, a private business, a state actor acting under the color of law.

3. The state-law claims (negligence/premises liability, Bane Act, intentional infliction of emotional distress, and invasion of privacy) should be dismissed because, once the federal claims are dismissed, the Court should decline

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

supplemental jurisdiction under 28 U.S.C. § 1367(c)(3); and in any event they are pleaded only through impermissible collective allegations.

4. The pervasive "torture," "poisoning," and mass-surveillance allegations directed at the Hotel should be stricken under Rule 12(f) as immaterial and scandalous.

The Hotel requests that the RICO and civil-rights claims be dismissed with prejudice because their defects are legal, not factual, and cannot be cured by amendment. This Motion is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and records on file, and any argument the Court may permit.

**MEET AND CONFER PER LOCAL RULE 7-3:**

This motion is made after counsel sent meet and confer communications to Plaintiff with an in-depth assessment of the issues briefed in this motion. Unfortunately the parties could not come to an agreement thus this Motion was necessary.

DATED: August 12, 2026 WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Rebecca May Gabroy*
REBECCA M. GABROY
COURTNEY M. SHERMAN
Attorneys for Defendant, STAYBRIDGE SUITES CARLSBAD

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1
II. MATERIAL FACTS AS TO THE HOTEL .......... 2
III. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) AS PLAINTIFF FAILS TO STATE CLAIMS FOR WHICH RELIEF MAY BE GRANTED .......... 3
A. Rule 12(b)(6) Standard .......... 3
B. The Civil RICO Claim (18 U.S.C. § 1962(c)) Fails for Four Independent Reasons .......... 4
1. *Plaintiff Lacks RICO Standing Because He Alleges Only Personal Injuries, Not Injury to "Business or Property."* .......... 4
2. *Plaintiff Alleges No Predicate Act by the Hotel That Qualifies as "Racketeering Activity."* .......... 5
3. *Plaintiff Pleads No Plausible Enterprise or Pattern Involving the Hotel.* .......... 6
4. *Plaintiff's Injuries Were Not Sustained "By Reason Of" Any Act of the Hotel.* .......... 7
C. The RICO Conspiracy Claim (18 U.S.C. § 1962(d)) Fails .......... 9
D. The Section 1985(3) Conspiracy Claim Fails for Want of Class-Based Animus. .......... 9
E. U.S.C. Section 1983 Claim Fails Because the Hotel Is Not a State Actor .......... 10
F. The State-Law Claims Should Be Dismissed; the Court Should Decline Supplemental Jurisdiction. .......... 11
IV. THE COURT SHOULD STRIKE THE FAC'S SCANDALOUS AND IMMATERIAL ALLEGATIONS AGAINST THE HOTEL .......... 12
V. PLAINTIFF'S REQUEST FOR EXTRAORDINARY INJUNCTIVE AND EQUITABLE RELIEF AGAINST THE HOTEL FAILS AS A MATTER OF LAW. .......... 12
A. Plaintiff Does Not Allege a Real and Immediate Threat of Future Injury by the Hotel. .......... 13
B. The Requested Relief Is Untethered to the Alleged Wrongdoing and Would Require Continuing Judicial Administration of the Hotel's Operations. .......... 14
C. Plaintiff Cannot Use Injunctive Relief as a Substitute for

Discovery. .......... 15

D. The Request for Appointment of a Special Master Provides No Independent Basis for Relief. .......... 16

E. The Equitable Relief Sought Against the Hotel Necessarily Falls With the Federal Claims. .......... 17

VI. PLAINTIFF'S PRAYER FOR DECLARATORY RELIEF MUST BE DENIED .......... 17

VII. THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE .......... 18

VIII. CONCLUSION .......... 19

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

# TABLE OF AUTHORITIES

**Page**

## CASES


*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........ 4, 7, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........ 3

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) ........ 3

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-42 (1937) ........ 18

*Griffin v. Breckenridge*, (1971) 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 ........ 9

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ........ 18

*Nashville, etc., Ry. Co. v. Wallace*, 288 U.S. 249, 259 (1933) ........ 18

*Tilley Lamp Co. v. Thacker*, 454 F.2d 805, 808 (5th Cir. 1972) ........ 18


## STATUTES


18 U.S.C. § 1503 ........ 7

18 U.S.C. § 1964(c) ........ 3, 5, 6

18 U.S.C. § 1962(d) ........ 10

28 U.S.C. § 1367(c)(3) ........ 12

28 U.S.C. § 2201 ........ 18

42 U.S.C. § 1985 ........ 2

42 U.S.C. § 1985(3) ........ 10, 11

42 U.S.C. § 1983 ........ 2, 3

Cal. Penal Code § 245(a)(1) ........ 2, 7

Fed. R. Civ. P. 8(a)(2) ........ 4

Fed. R. Civ. P. 12(b)(6) ........ 4

Fed. R. Civ. P. 12(f), ........ 13

Fed. R. Civ. P. 53 ........ 17

U.S.C. Constitution, Art. III, s 2 ........ 19


WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit asks a hotel operator to answer in federal court for a nine-year, coast-to-coast conspiracy that Plaintiff says was orchestrated by the Department of Homeland Security, the FBI, two cities, a regional fusion center, a school district, a dental office, a state licensing board, and dozens of unnamed "John Does," all coordinated through a "Hub-and-Spoke" enterprise devoted to the "psychological intimidation, and physical neutralization" of Plaintiff as a perceived "soft target". Stripped of that sweeping framing, the only conduct the FAC actually attributes to this Hotel is mundane and self-defeating: hotel maintenance opened an air-conditioning vent, found "dangling duct tape and exposed insulation," called the condition "normal" or "allergies," and sealed the vent within roughly an hour, after the general manager instructed staff to "do whatever makes him happy" (FAC at ¶ 45-49.) From those facts Plaintiff spins allegations of chemical "sabotage," "assault by irritant," racketeering, and a civil-rights conspiracy seeking $100 million.

The claims against the Hotel fail for reasons that no amendment can cure. Civil RICO reaches injury to "business or property," not the dental, neurological, and emotional injuries Plaintiff describes. The predicate acts Plaintiff attributes to the Hotel, an assault under California Penal Code § 245(a)(1) and generalized "obstruction" are not among the offenses Congress made "racketeering activity." U.S.C. Section 1985 requires class-based animus, and "soft target" is not a protected class. U.S.C. Section 1983 requires state action under the color of law, and a private hotel does not become a government actor because a plaintiff labels its staff "deputized participants." What remains are ordinary state-law tort theories that belong, if anywhere, in state court.

Just as fundamentally, the FAC never differentiates what this Defendant supposedly did from what the ten other defendants supposedly did. It pleads that "Defendants" conspired, "Defendants" retaliated, and "Defendants" surveilled

precisely the "everyone did everything" pleading the Ninth Circuit has held will not do.[1] The Motion should be granted.

## II. MATERIAL FACTS AS TO THE HOTEL

Plaintiff, proceeding pro se, filed a verified FAC asserting civil RICO (18 U.S.C. § 1964(c), conspiracy, and civil-rights claims under 42 U.S.C. §§ 1983 and 1985, Bivens claims against federal agencies, and a series of California tort and statutory claims. The Hotel is named in the caption as "Staybridge Suites Carlsbad / IHG Hotels & Resorts". However the property complained of is operated by Carlsbad Hospitality LLC, a California limited liability company (Entity No. 202106110490), which registered "Staybridge Suites Carlsbad" as a fictitious business name in San Diego County.

Plaintiff's Hotel-specific allegations principally concern October through December 2025. He alleges that unknown substances were released through air-conditioning vents in Rooms 206 and 306, causing itching, burning, stinging eyes, and other physical symptoms. (FAC ¶ 45). He alleges Hotel employees attributed his complaints to allergies and relocated him from Room 206 to Room 306. (FAC ¶ 46.) Plaintiff alleges that on December 24–25, 2025, a maintenance employee opened an HVAC vent in Room 306 and observed exposed insulation and duct tape. (FAC ¶ 47). According to Plaintiff, the maintenance employee characterized the condition as "normal" or "not an issue," and the general manager instructed maintenance to "do whatever makes him happy." The vent was thereafter sealed, and Plaintiff alleges his symptoms ceased. (*Id*.)

Plaintiff separately alleges that electrical outlets in his kitchen lost power and that maintenance restored power after Plaintiff temporarily left the room. (FAC ¶ 48.) Although Plaintiff does not allege that he witnessed anyone intentionally disabling the electrical system, he concludes that the episode "demonstrated advance

[1] *Destfino v. Reiswig*, (9th Cir. 2011) 630 F.3d 952.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

knowledge" and was "clearly intended to isolate and inconvenience" him. (*Id.)* Plaintiff likewise alleges that he awoke from several short periods of sleep with new dental damage and reasons that Hotel key-card access made unauthorized entry into his room "possible." (FAC ¶ 35.)

These allegations are then incorporated into Plaintiff's much broader theory that the Hotel participated in a nine-year RICO Enterprise involving federal, state, municipal, and private actors without any specific facts tying the two together.

## III. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) AS PLAINTIFF FAILS TO STATE CLAIMS FOR WHICH RELIEF MAY BE GRANTED

### A. Rule 12(b)(6) Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), the Hotel seeks dismissal of Plaintiff's claims for civil RICO and Civil Rights Conspiracy because Plaintiff failed to state a claim for which relief may be granted. Rule 12(b)(6), provides that litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted."[2] Fed. R. Civ. P. 8(a)(2) requires every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief as such requirement provides opposing parties "fair notice of what the claim is and the grounds upon which it rests." [3] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."[4] Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," requiring a plaintiff to plead sufficient factual content to "allow the Court to draw the reasonable inference that the defendant is liable for the

---

[2] FED. R. OF CIV. P. 12(b)(6).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[4] *Id.* at 555.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

misconduct alleged."[5] Only well-pleaded facts from which the Court can "infer more than the mere possibility of misconduct"[6] are sufficient to comply with this Rule.

**B. The Civil RICO Claim (18 U.S.C. § 1962(c)) Fails for Four Independent Reasons**

A civil RICO plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs" "business or property."[7] Plaintiff fails at the first, fourth, and fifth elements and independently fails to satisfy Section 1964(c)'s requirement that his injury have been sustained "by reason of" the alleged violation.

**1.** *Plaintiff Lacks RICO Standing Because He Alleges Only Personal Injuries, Not Injury to "Business or Property."*

Section 1964(c) confers a cause of action only on a person "injured in his business or property by reason of" a RICO violation.[8] What Plaintiff was required to allege was a concrete financial loss to a business or property interest cognizable under state law; "[w]ithout a harm to a specific business or property interest, a categorical inquiry typically determined by reference to state law, there is no injury to business or property within the meaning of RICO." [9] What Plaintiff actually alleges is a catalog of bodily and emotional harms such as "permanent dental and gum damage," "permanent visual impairment," "permanent tinnitus," "ongoing medical expenses," and "ongoing fear, anxiety, and trauma" are quintessential personal injuries, and personal injuries such as these are not compensable under RICO. A plaintiff cannot convert an intrinsically personal injury into a property injury by attaching a dollar figure to it; the loss remains a personal injury in the form

---

[5] *Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678.

[6] *Id.* at 679

[7] *Ove v. Gwinn*, (9th Cir. 2001) 264 F.3d 817.

[8] 18 U.S.C.A. § 1964

[9] *Diaz v. Gates*, (9th Cir. 2005) 420 F.3d 897

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

of emotional distress, not a claim for an injury to property as section 1964(c) requires.

The Supreme Court's recent decision in *Medical Marijuana, Inc. v. Horn* does not change the analysis, it confirms it. *Horn* held only that Section 1964(c) does not categorically bar recovery of business or property losses merely because they derive from a personal injury.[10] The Court was emphatic that Section 1964(c) still "implicitly excludes recovery for harm to one's person", its gas-station-owner hypothetical explains that a robbery victim "cannot recover for his pain and suffering," only for the loss of his business if his injuries force it to close.[11] And the Court expressly declined to decide what it means to be injured in one's "property," leaving the personal-injury exclusion intact.[12] Plaintiff pleads the pain-and-suffering side of that line, not the shuttered-business side.

The FAC's only gestures toward property are the conclusory phrases "property damage exceeding $100,000" and "loss of earning capacity" Neither is tied to any fact, let alone to the Hotel, and neither identifies a property interest cognizable under state law. Bare recitations of financial loss are insufficient: a RICO plaintiff must allege "concrete financial loss," but "[f]inancial loss alone, however, is insufficient" absent "harm to a specific business or property interest."[13] Because Plaintiff has no cognizable RICO injury, he lacks statutory standing, and the claim fails at the threshold.

**2.** *Plaintiff Alleges No Predicate Act by the Hotel That Qualifies as "Racketeering Activity."*

Even if Plaintiff had RICO standing, the claim fails because the conduct attributed to the Hotel is not "racketeering activity." Section 1961(1) defines that term through a *closed* list, a limited set of state-law offenses (murder, kidnapping,

---

[10] *Med. Marijuana, Inc. v. Horn*, (2025) 604 U.S. 593, 145 S. Ct. 931, 221 L. Ed. 2d 475.

[11] *Id.*

[12] *Id.*

[13] *Canyon Cnty. v. Syngenta Seeds, Inc.*, (9th Cir. 2008) 519 F.3d 969.

gambling, arson, robbery, bribery, extortion, obscenity, and controlled-substance dealing) and specifically enumerated federal crimes.[14] The only predicate the FAC assigns to the Hotel is "Assault by Irritant / Chemical Exposure and Obstruction (Cal. Penal Code § 245(a)(1) and 18 U.S.C. § 1503)" arising from the December 2025 vent incident. But ordinary assault, including assault with a deadly weapon under California Penal Code § 245(a)(1), is nowhere in Section 1961(1)'s enumerated list of state-law predicates.[15] It is not "racketeering activity," and it cannot support a RICO claim no matter how the FAC labels it.

Plaintiff's invocation of "obstruction" fares no better. While 18 U.S.C. §1503 is enumerated, Plaintiff pleads no facts showing that the Hotel obstructed any federal judicial proceeding; his theory is that maintenance staff called an exposed vent "normal". That is not obstruction of justice and to the extent Plaintiff rests the enterprise's "pattern" on mail and wire fraud those predicates sound in fraud and must be pleaded with particularity under Rule 9(b): the complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."[16] The FAC attributes no fraudulent statement of any kind to the Hotel. Its fraud allegations concern falsified dental records by other defendants not this Hotel and as the Hotel committed no qualifying predicate, it cannot be a RICO defendant.

**3.** *Plaintiff Pleads No Plausible Enterprise or Pattern Involving the Hotel.*

The RICO claim independently fails because the FAC does not plausibly allege an association-in-fact enterprise or a pattern of racketeering. An association-in-fact enterprise must have "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to

---

[14] 18 U.S.C.A. § 1961

[15] *Id.*

[16] *Edwards v. Marin Park, Inc.*, (9th Cir. 2004) 356 F.3d 1058.



WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

permit these associates to pursue the enterprise's purpose."[17] The enterprise is a "separate element" that must be proved as such.[18] Here, the supposed relationship between the Hotel and a homeland-security "Hub" rests on the single conclusory assertion that hotel staff were "deputized participants" an allegation the FAC's own pleading undercuts by conceding that no contract, MOU, or arrangement links the Hotel to law enforcement. Conclusory labels are "not entitled to the assumption of truth."[19] Nor is there a "pattern." A pattern demands "continuity plus relationship" that predicates that are "related" *and* that "amount to or pose a threat of continued criminal activity."[20] Relatedness requires acts with "the same or similar purposes, results, participants, victims, or methods."[21] A single alleged vent incident over one December weekend, unconnected by any well-pleaded fact to the acts of dentists, police officers, or federal agencies, is neither related to those acts nor continuous and as such the RICO claim against the Hotel should be dismissed.

**4.** *Plaintiff's Injuries Were Not Sustained "By Reason Of" Any Act of the Hotel.*

Section 1964(c) affords a claim only to a person injured "by reason of" a RICO violation, and the Supreme Court has construed that phrase to require that the violation be "not only …a 'but for' cause of his injury, but …the proximate cause as well."[22] Proximate cause demands "some direct relation between the injury asserted and the injurious conduct alleged"; a plaintiff whose harm flows "merely from the misfortunes visited upon a third person by the defendant's acts" stands at too remote a distance to recover.[23] The Ninth Circuit applies the identical standard: "by reason

---

17 *Boyle v. United States*, (2009) 556 U.S. 938, 129 S. Ct. 2237, 173 L. Ed. 2d 1265.
18 *Id.*
19 *Ashcroft v. Iqbal, supra*, 556 U.S. 662, 678 (2009).
20 *H.J. Inc. v. Nw. Bell Tel. Co.*, (1989) 492 U.S. 229, 109 S. Ct. 2893, 106 L. Ed. 2d 195.
21 *Id.*
22 *Holmes v. Sec. Inv. Prot. Corp.*, (1992)) 503 U.S. 258, 112 S. Ct. 1311, 117 L. Ed. 2d 532.
23 *Id.*

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

of" requires "both proximate and but-for causation," and generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct.[24]

The dispositive question is whether the alleged violation led directly to the plaintiff's injuries.[25] Here it plainly did not. The injuries for which Plaintiff seeks treble damages, his dental, neurological, and emotional harms, are attributed to a laser procedure performed by a different defendant, to covert "chemical or directed-energy exposure," and to a nine-year, multi-actor "Enterprise" The only conduct the FAC attributes to the Hotel is a mishandled vent in December 2025. Where the conduct directly causing the harm is distinct from the conduct giving rise to the alleged scheme, indeed, where the theory rests on separate actions carried out by separate parties, the causal chain fails, and the Supreme Court has declined to apply the causal chain of a RICO violation so far. RICO's reach is limited by the requirement of a direct causal connection between the predicate wrong and the harm; an injury not caused directly by the alleged wrongdoing is not suffered by reason of it, and cannot yield a RICO claim. The *Holmes* directness rationale, applied by the Supreme Court in every RICO causation case, confirms the point. Sorting out what portion of Plaintiff's decade of ailments is "attributable to the violation, as distinct from other, independent, factors" would demand precisely the speculative, multi-step inquiry the requirement exists to foreclose and the intervening conduct of the many other actors Plaintiff blames would sever the chain of proximate cause in any event.[26] The RICO claim fails against the Hotel for this reason as well.

/ / /

/ / /

---

[24] *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, (9th Cir. 2019) 943 F.3d 1243.

[25] *Anza v. Ideal Steel Supply Corp.*, (2006) 547 U.S. 451, 126 S. Ct. 1991, 164 L. Ed. 2d 720.

[26] *Id.; Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, (9th Cir. 2019) 943 F.3d 1243.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

**C. The RICO Conspiracy Claim (18 U.S.C. § 1962(d)) Fails.**

Plaintiff's Section 1962(d) conspiracy claim (FAC¶ 64A) folds like a house of cards with the substantive claim. "…the failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy" under Section 1962(d).[27] Because Plaintiff has not stated a Section 1962(c) claim against the Hotel, the derivative conspiracy claim fails as a matter of law.[28] It fails for the additional reason that Plaintiff pleads no plausible agreement: he offers only the conclusory assertion that an "Information Sharing" mandate and a "Community Partner" model constitute an "express agreement", with no facts showing that the Hotel agreed to further any racketeering scheme. A "bare assertion of conspiracy" does not satisfy Rule 8.[29]

**D. The Section 1985(3) Conspiracy Claim Fails for Want of Class-Based Animus.**

In *Griffin v. Breckenridge*, (1971) 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338, the Supreme Court unanimously held that 42 U.S.C. § 1985(3) reaches purely private conspiracies no state action is required but imposed a critical limiting principle to prevent the statute from becoming a general federal tort law. The Court held that the statutory language requiring intent to deprive of equal protection "means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."[30] The Ninth Circuit construes that requirement narrowly to avoid turning Section 1985(3) into "a general federal tort law": the statute reaches non-racial classes only where "the courts have designated the class in question a suspect or

---

[27] See generally, *Howard v. America Online Inc.*, (9th Cir. 2000)208 F.3d 741; *Stitt v. Citibank*, N.A., (N.D. Cal. 2013) 942 F. Supp. 2d 944.

[28] *Id.*

[29] *Ashcroft v. Iqbal*, (2009) 556 U.S. 662.

[30] *Griffin v. Breckenridge*, (1971) 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection."[31] Applying that rule, the Ninth Circuit has held that "individuals who wish to petition the government" are not a protected class and district courts have reached the same result for occupational and status-based groups. [32] What Plaintiff was required to allege was membership in, and animus directed at, a judicially or congressionally recognized protected class. What he actually alleges is that Defendants targeted him as a perceived "soft target" / "terrorist threat" under a homeland-security funding program. A "soft target" is not a suspect or quasi-suspect class and has never been designated for special federal protection; it is precisely the kind of ad hoc label the Ninth Circuit rejects. The FAC also pleads no plausible agreement and mere allegation are insufficient and as such the Section 1985(3) claim should be dismissed.

### E. U.S.C. Section 1983 Claim Fails Because the Hotel Is Not a State Actor.

To the extent Plaintiff seeks to hold the Hotel liable under Section 1983, premising liability on hotel staff acting as "deputized participants in the City's Goal 5 infrastructure" the claim fails because the Hotel is a private business, and the settled presumption is that "private conduct does not constitute governmental action."  A private party acts under color of law when it conspires with state officials to carry out a constitutional violation, which requires an agreement or meeting of the minds to violate constitutional rights and a substantial degree of cooperation.[33] That test is intentionally demanding and requires a high degree of

---

[31] *Sever v. Alaska Pulp Corp.*, (9th Cir. 1992) 978 F.2d 1529.
[32] *Id.; Steshenko v. Gayrard*,  (N.D. Cal. 2014) 70 F. Supp. 3d 979.
[33] *See generally, Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, (E.D. Cal. 2017) 235 F. Supp. 3d 1132.

cooperation between private parties and state officials to rise to the level of state action.[34]

Plaintiff pleads nothing approaching that standard. Innocuous allegations that private defendants met and communicated with government actors do not suggest acts "unlikely to have been undertaken without an agreement." Here the FAC alleges even less, no meeting, no arrest, no cooperation and its own allegations concede that no contract, MOU, or off-duty arrangement connects the Hotel to the police. The conclusory "deputized participant" label cannot manufacture state action and as such the claim should be dismissed.

**F. The State-Law Claims Should Be Dismissed; the Court Should Decline Supplemental Jurisdiction.**

The FAC's remaining theories against the Hotel 1) negligence/premises liability, 2) the Bane Act; 3) intentional infliction of emotional distress; and 4) invasion of privacy are all state-law claims. Section 1367(c)(3) expressly authorizes the Court to decline jurisdiction where it has dismissed all claims over which it has original jurisdiction.

Should the Court reach the merits, two of these claims are independently deficient as pleaded. The Bane Act requires "a specific intent to violate" a protected right; ordinary negligence is not cognizable.[35] The FAC alleges only that hotel maintenance mishandled a vent and attributed symptoms to "allergies", conduct reflecting, at most, negligence, not a purposeful intent to violate Plaintiff's rights. The IIED claim requires conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community," and "does not extend to mere insults, indignities, threats, annoyances, petty oppressions."[36] The invasion-of-privacy claim, in turn, is directed at the Enterprise's alleged aerial and thermal surveillance

---

[34] *O'Handley v. Weber*, (9th Cir. 2023) 62 F.4th 1145.
[35] *Reese v. Cnty. of Sacramento*, (9th Cir. 2018) 888 F.3d 1030.
[36] *Light v. Dep't of Parks & Recreation*, (2017) 14 Cal. App. 5th 75, 221 Cal. Rptr. 3d 668; *Christensen v. Superior Court*, (1991) 54 Cal.3d 868, 903.



WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

the FAC attributes to government-funded assets, not to the Hotel.

## IV. THE COURT SHOULD STRIKE THE FAC'S SCANDALOUS AND IMMATERIAL ALLEGATIONS AGAINST THE HOTEL

Under Rule 12(f), the Court may strike "immaterial, impertinent, or scandalous matter," including "allegations that cast a cruelly derogatory light on a party." [37] The function of the rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues."[38] The FAC's characterizations of the Hotel as a participant in "child torture," "neutralization," "poisoning," and mass surveillance to prejudice the Hotel through "unnecessary notoriety." Courts can strike inflammatory characterizations where the same idea can be conveyed without the offending language. The Court should strike these allegations as they pertain to the Hotel.

## V. PLAINTIFF'S REQUEST FOR EXTRAORDINARY INJUNCTIVE AND EQUITABLE RELIEF AGAINST THE HOTEL FAILS AS A MATTER OF LAW.

Plaintiff's failure to state a viable claim against the Hotel independently disposes of his requests for injunctive and other equitable relief. An injunction is a remedy, not a freestanding cause of action, and it cannot survive in the absence of an underlying substantive claim entitling the plaintiff to relief. Thus, where the underlying claims fail, a request for injunctive relief necessarily fails with them.

That principle is particularly significant here because the relief Plaintiff seeks against the Hotel extends far beyond redress for the discrete events alleged in the FAC. Plaintiff asks this Court to impose an ongoing federal supervisory regime over the Hotel's operations. Among other things, he seeks an order requiring Defendants to remain at least 500 feet away from Plaintiff and his son and prohibiting various forms of alleged surveillance, monitoring, interference, and physical harm. He

---

[37] *Nissou-Rabban v. Cap. One Bank (USA), N.A.*, (S.D. Cal. 2018) 285 F. Supp. 3d 1136.

[38] *Id.*

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

separately asks the Court to require the Hotel to provide him, on a continuing basis, and requests appointment of a special master with authority extending to the Hotel's key-card systems and preservation of Hotel records. These are not incidental remedies tethered to a plausibly pleaded claim. They would place the Hotel's ordinary operations, maintenance records, access-control systems, and internal records under continuing judicial oversight based upon Plaintiff's assertion that Hotel personnel participated in a clandestine racketeering and surveillance enterprise. The FAC pleads no facts that could justify such extraordinary relief.

### A. Plaintiff Does Not Allege a Real and Immediate Threat of Future Injury by the Hotel.

Plaintiff's request for prospective relief fails for the additional and independent reason that the FAC does not allege facts establishing a real and immediate threat that the Hotel will injure him in the future. A plaintiff must demonstrate an actual and imminent threat of future harm; allegations that merely establish that wrongful conduct allegedly occurred in the past do not establish standing to obtain an injunction governing future conduct. [39]

The Hotel specific allegations concern a finite series of events during Plaintiff's stay in 2025. Plaintiff alleges that unknown substances entered his rooms through the HVAC system between October and December 2025, that Hotel personnel relocated him, and that maintenance personnel inspected and ultimately sealed a vent on December 25, 2025. (FAC ¶¶ 45–49.) Indeed, Plaintiff affirmatively alleges that once the vent was sealed, his complained-of symptoms "immediately ceased." (FAC ¶ 47.) Nothing in those allegations establishes that Plaintiff presently occupies the property, intends to return to it, remains subject to the Hotel's control, or faces an imminent recurrence of the alleged HVAC or electrical conditions. Nor does the FAC allege facts showing that any identified

---

[39] *Davidson v. Kimberly-Clark Corp.*, (9th Cir. 2018) 889 F.3d 956; *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

Hotel employee has threatened future action against Plaintiff. The allegations of past events, even accepted as true for purposes of this Motion, therefore do not establish the concrete and imminent threat of future Hotel-caused injury necessary to invoke the Court's equitable powers. Plaintiff cannot bridge that deficiency by invoking the alleged "Enterprise." The FAC repeatedly characterizes the supposed conspiracy as continuing and predicts future surveillance or retaliation, but those generalized assertions do not establish that this Defendant is likely to commit this alleged conduct against Plaintiff again. Standing for injunctive relief must be established as to the defendant against whom the injunction is sought and the relief requested.[40] Plaintiff cannot establish an imminent threat from the Hotel by aggregating allegations concerning federal agencies, police departments, medical providers, educational institutions, and unidentified third parties.

### B. The Requested Relief Is Untethered to the Alleged Wrongdoing and Would Require Continuing Judicial Administration of the Hotel's Operations.

The scope of Plaintiff's requested injunction independently demonstrates why the relief is unavailable. An injunction must be directed toward preventing the threatened injury that supplies the basis for equitable relief. Federal courts do not issue broad commands untethered to a demonstrated violation, nor may an injunction simply direct a defendant to obey the law. Rule 65 itself requires that an injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required."[41] Plaintiff's requested relief bears little relationship to the Hotel-specific conduct actually alleged. The FAC does not simply ask that an allegedly defective vent be repaired or that a particular dangerous condition be abated. Plaintiff instead seeks continuing access to Hotel maintenance records, key-card data, and HVAC certifications and asks the Court to place aspects of the Hotel's

---

[40] *Summers v. Earth Island Institute*, (2009) 555 U.S. 488, 493.

[41] Fed. R. Civ. P. 65(d)(1).

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

operations under the supervision of a court-appointed special master. In substance, Plaintiff seeks to transform allegations concerning several events in two hotel rooms into an indefinite entitlement to monitor the Hotel's maintenance and security systems.

The FAC identifies no substantive federal right that would entitle Plaintiff to receive the Hotel's internal records on a weekly basis. Nor does it identify any federal statute authorizing a private hotel guest to compel continuing disclosure of key-card records, maintenance logs, or HVAC inspection materials. Those requests therefore cannot be sustained merely by characterizing them as "injunctive relief." Equity does not provide an independent vehicle for obtaining relief that the substantive law does not otherwise authorize.

**C. Plaintiff Cannot Use Injunctive Relief as a Substitute for Discovery.**

The request for continuing production of maintenance logs, key-card reports, HVAC certifications, and related materials suffers from an additional problem: it is discovery masquerading as substantive relief. The FAC repeatedly acknowledges that Plaintiff does not presently possess the evidence necessary to establish critical components of his theory. For example, Plaintiff alleges that Hotel key-card access made unauthorized entry into his room "possible" and demands preservation of key-card logs that he apparently believes may reveal the identities of persons who entered his room. (FAC ¶ 35.) Similarly, Plaintiff relies upon the absence of an identified formal relationship between the Hotel and law enforcement and then infers that some undisclosed "Community Partner" arrangement must exist. (FAC ¶ 60A(a). ) Those allegations expose the fundamental problem with the requested equitable relief. Plaintiff is not identifying evidence supporting a plausibly pleaded federal claim and seeking relief based upon it. He is asking the Court to compel the Hotel to produce information in the hope that the information will supply the factual connection his pleading presently lacks.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

Federal Rules of Civil Procedure, Rule 8 does not permit that inversion of the pleading process. A plaintiff must first plead facts sufficient to state a plausible claim for relief. Only then does discovery provide a mechanism to develop evidence relevant to that claim. Plaintiff therefore cannot cure the absence of facts connecting the Hotel to the alleged RICO enterprise by demanding judicial access to the Hotel's records in hopes of discovering such a connection after suit has already been filed.

**D. The Request for Appointment of a Special Master Provides No Independent Basis for Relief.**

Federal Rule of Civil Procedure 53 restricts appointment of a master to specific circumstances: (1) to perform duties consented to by the parties; (2) to hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if warranted by some exceptional condition or the need to perform an accounting or resolve a difficult computation of damages; and (3) to address pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge.[42]

Nothing in Rule 53 creates a substantive cause of action or permits appointment of a special master simply because a plaintiff believes evidence supporting his allegations may exist in a defendant's possession. Here, Plaintiff seeks a special master not to administer relief following an adjudicated violation, but to oversee evidence preservation and inspect systems, including Hotel key-card systems that Plaintiff believes may substantiate his allegations. That request places the cart before the horse. A special master is a procedural mechanism available in appropriate litigation; it is not an investigative body that may be deployed to determine whether a plaintiff's speculative allegations can be converted into a viable claim. Nor does the complexity Plaintiff has created by joining numerous unrelated defendants and events supply the exceptional circumstances necessary to impose

---

[42] F.R.C.P. 53

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

that burden upon the Hotel. The extraordinary breadth of a pleading cannot itself justify extraordinary judicial supervision, particularly where the claims against the party to be supervised fail at the threshold.

**E. The Equitable Relief Sought Against the Hotel Necessarily Falls With the Federal Claims.**

Ultimately, Plaintiff's requests for ongoing monitoring and injunctive relief suffer from the same defect as the federal claims upon which they depend. The FAC alleges discrete maintenance events and then attributes to those events a federal significance that the pleaded facts do not support. There are no well-pleaded facts establishing that the Hotel joined Plaintiff's alleged RICO enterprise, agreed to facilitate racketeering activity, acted jointly with a governmental defendant, or presently threatens Plaintiff with an imminent violation of federal law. Without such an underlying violation and a real and immediate threat of future injury, there is no basis for invoking the Court's equitable powers against the Hotel. The Court should therefore dismiss Plaintiff's requests for injunctive, monitoring, and special-master relief against the Hotel Defendant. Plaintiff cannot obtain through the remedial portion of his FAC what he has failed to plead in its substantive allegations, a viable federal claim against the Hotel and facts establishing an actual, imminent threat warranting prospective federal intervention.

**VI. PLAINTIFF'S PRAYER FOR DECLARATORY RELIEF MUST BE DENIED**

The Declaratory Judgment Act authorizes relief only in cases of "actual controversy."[43] This is simply a statutory recognition that federal judicial power extends only to "cases or controversies" under Article III, Section 2 of the United States Constitution. "Regardless of the scope of the court's discretion to entertain a claim for declaratory relief under § 2201, if there is no "case or controversy", the

[43] 28 U.S.C.A. § 2201.

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

court has no jurisdiction over the subject matter of a claim."[44] "The question is whether petitioner's allegations are sufficient to entitle it to the declaratory relief prayed in its complaint. This raises the question whether there is an 'actual controversy' within the meaning of the Declaratory Judgment Act, since the District Court is without power to grant declaratory relief unless such a controversy exists.[45] "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[46] Plaintiff again fails to plead the required facts to establish that a "substantial controversy, between parties having adverse legal interests, of a sufficient immediacy and reality"[47] and thus this request must be denied.

## VII. <u>THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE</u>

Federal Rules of Civil Procedure, Rule 15's liberal amendment policy does not require endless opportunities to reformulate claims where amendment would be futile. Here, Plaintiff has already amended his pleading and has devoted extraordinary detail to his alleged nine-year Enterprise. The difficulty is not that Plaintiff omitted a date, name, or technical allegation. The problem is structural as the facts actually alleged concerning the Hotel do not establish a RICO predicate, participation in a racketeering enterprise, an agreement to facilitate racketeering, state action, or a civil-rights conspiracy. To the extent those defects cannot be cured consistently with Plaintiff's existing allegations, dismissal should be with prejudice. At minimum, any leave to amend should be narrowly limited to claims for which Plaintiff can identify additional facts, not conclusions or speculation capable of satisfying the governing elements.

---

[44] *Tilley Lamp Co. v. Thacker*, 454 F.2d 805, 808 (5th Cir. 1972)
[45] *Nashville, etc., Ry. Co. v. Wallace*, 288 U.S. 249, 259 (1933); U.S.C.A. Constitution, Art. III, s 2.
[46] *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-42 (1937).
[47] *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added).

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

**VIII. CONCLUSION**

Simply put, the FAC does not plead facts sufficient to impose federal liability on the Hotel Defendant. The allegations concerning the Hotel are limited to discrete events during Plaintiff's stay, yet Plaintiff characterizes those events as intentional acts undertaken in furtherance of a years-long racketeering and governmental surveillance enterprise. The FAC alleges no facts showing that the Hotel agreed to participate in that enterprise, engaged in qualifying racketeering activity, acted jointly with any governmental defendant, or otherwise participated in the federal misconduct alleged.

Accordingly, Defendant Pacifica Hosts, Inc., erroneously sued as Staybridge Suites Carlsbad / IHG Hotels & Resorts, respectfully requests that the Court dismiss with prejudice the federal and state-law claims asserted against it and, to the extent any state-law claims remain, decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

DATED: August 12, 2026 WOOD, SMITH, HENNING & BERMAN LLP

By: *_/s/ Rebecca May Gabroy_*
REBECCA M. GABROY
COURTNEY M. SHERMAN
Attorneys for Defendant, STAYBRIDGE SUITES CARLSBAD

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Staybridge Suites Carlsbad, certifies that this brief contains 6502 words, as determined by the Microsoft Word count tool which complies with the word limit of L.R. 11-6.1.

*/s/ Rebecca May Gabroy*
REBECCA GABROY
COURTNEY SHERMAN
Attorneys for Defendant, STAYBRIDGE SUITES CARLSBAD

## CERTIFICATE OF SERVICE

On August 12, 2026 I served the foregoing document on all parties using the Court's ECF system, which satisfies service requirements pursuant to L.R. 5-3.2.

*/s/ Rebecca May Gabroy*
REBECCA GABROY
COURTNEY SHERMAN
Attorneys for Defendant, STAYBRIDGE SUITES CARLSBAD

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

# PROOF OF SERVICE

**Salemi, Alireza v. U.S. Department of Homeland Security**
**Case No. 3:25-cv-03387-JLS-GC**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 6A Liberty Street, Suite 200, Aliso Viejo, CA 92656.

On August 12, 2026, I served the following document(s) described as **DEFENDANT CARLSBAD HOSPITALITY LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 12, 2026, at Aliso Viejo, California.

/s/ Christopher L. Leong
Christopher L Leong

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

**SERVICE LIST**
**Salemi, Alireza v. U.S. Department of Homeland Security**
**Case No. 3:25-cv-03387-JLS-GC**

Alireza "Ali" Salemi
2735 Palomar Airport Rd.
Carlsbad, CA 92009
Tel: (720) 208-8755 / Fax:
Email: **alireza.salemi@udo.edu**
Plaintiff in Pro Per