Alireza Salemi
2735 Palomar Airport Road, Carlsbad, CA 92009
(720) 208-8755 | alireza.salemi@udo.edu
Plaintiff, Pro Se

FILED
SEP 04 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY TAC DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 3:25-cv-03387-LL-GC

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CARLSBAD'S NOTICE OF RELATED CASES (ECF NO. 65) (CIVLR 40.1)**

Judge: Hon. Linda Lopez
Mag.: Hon. Guillermo Cabrera

Plaintiff Alireza Salemi respectfully submits this response to Defendant City of Carlsbad's Notice of Related Cases (ECF No. 65), which asks the Court to deem this action related to Salemi v. City of Carlsbad, et al., Case No. 3:25-cv-02934-AGS-MSB (the "§ 1983 Action") under Civil Local Rule 40.1. Defendant filed the identical Notice in the § 1983 Action (that case's ECF No. 84); Plaintiff responds in both.

Plaintiff does not oppose a finding that the two actions are related. He disclosed the relationship himself: this action's operative complaint states it (FAC ¶ 8A), as Civil Local Rule 40.1 requires, and Plaintiff has acknowledged it in this action's briefing. Plaintiff likewise does not oppose reasonable coordination of the two dockets. What Plaintiff opposes is the further step the low-number rule would trigger — transferring this action off this Court's calendar and reassigning it to the § 1983 Action's judge.

Plaintiff respectfully objects only to that transfer. This action is the larger, more complex, and more developed of the two proceedings: it names the FBI and private defendants absent from the § 1983 Action, asserts civil RICO, 42 U.S.C. § 1985, and Bivens claims against individual federal officers, and is already the subject of dispositive federal-defendant motion practice — fully briefed before this Court — raising sovereign-immunity and jurisdictional defenses. Uprooting that developed proceeding mid-course and handing it to a judge who has not litigated those questions would waste judicial effort, not save it — the opposite of what Rule 40.1 exists to accomplish. Coordination achieves every legitimate efficiency the Notice invokes without reassignment. Plaintiff therefore asks the Court to relate and coordinate the actions if it deems that appropriate, but to retain this action on its calendar.

## I. RULE 40.1 DISTINGUISHES RELATION FROM TRANSFER; JUDICIAL ECONOMY GOVERNS, AND THE DECISION RESTS WITH THE COURT

Civil Local Rule 40.1 is an administrative rule for the orderly assignment of cases. It calls for several distinct things that should not be collapsed:

First, whether cases are "related" is a threshold classification. CivLR 40.1(g). Plaintiff does not contest it here.

Second, the operative question the Rule poses is judicial economy. A notice of related case must state "the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies." CivLR 40.1(f) (emphasis added). Economy — not overlap alone — is the touchstone.

Third, the decision belongs to the Court, not to the party filing the notice. The Clerk reports the matter "to the judges concerned," who determine the question and prepare "an appropriate order for the signature of the judges concerned with the proposed transfer." CivLR 40.1(h). A case may be transferred "only ... to the calendar of a consenting judge." CivLR 40.1(a). Reassignment is thus neither automatic nor one-sided; it turns on the judgment and consent of the judges involved, including this Court.

## II. TRANSFERRING THIS ACTION OFF THIS COURT'S CALENDAR WOULD WASTE JUDICIAL EFFORT, NOT SAVE IT

Because the actions are related, the only live question is whether single-judge assignment — accomplished here by transferring this higher-numbered action to the § 1983 Action's judge under the low-number rule — "is ... likely to effect a saving of judicial effort and other economies." CivLR 40.1(f). It is not.

### A. This Action Is at the Motion-to-Dismiss Stage, With Fully Briefed Federal Defenses Already Before This Court.

This action is proceeding before this Court and stands at the motion-to-dismiss stage. The federal defendants' motion to dismiss (ECF No. 31), raising sovereign immunity, the unavailability of Bivens relief, and jurisdiction over the federal agencies, is fully briefed — the motion, Plaintiff's opposition (ECF No. 42), and the federal defendants' reply

(ECF No. 50) are complete and before this Court, with the United States Attorney's Office appearing for the federal defendants. This Court thus already holds the parties, the procedural posture, and the fully joined federal briefing.

Transferring this action to the § 1983 Action's judge under the low-number rule would hand that developed record to a judge who has not litigated it, requiring that judge to absorb the entire docket — civil-RICO enterprise liability, 42 U.S.C. § 1985, and the federal defendants' sovereign-immunity and Bivens defenses as briefed at ECF Nos. 31, 42, and 50 — a body of motion practice that has developed before this Court and not before the § 1983 court. Although the § 1983 Action also names federal defendants (the U.S. Department of Homeland Security and Homeland Security Investigations), the sovereign-immunity, Bivens, and civil-RICO questions are joined and fully briefed only here. That is the antithesis of the economy Rule 40.1 is meant to secure.

**B. Transfer Would Also Prejudice Plaintiff, Who Is Proceeding Pro Se.**

Reassignment is not costless to Plaintiff. He is litigating without counsel, and the federal defendants' motion to dismiss on sovereign-immunity and Bivens grounds is fully briefed and pending before this Court, which already holds that record (ECF Nos. 31, 42, 50), ripe for decision now. Plaintiff does not suggest the briefing would have to be redone; a submitted motion travels with the case. The prejudice is different and concrete: transferring this action while that motion is under submission would displace a dispositive federal motion ready to be decided by the Court before which it was joined, and require a second judge first to master an independent body of law — civil RICO, 42 U.S.C. § 1985, and federal sovereign-immunity and Bivens doctrine — that the § 1983 docket has had no occasion to develop, before that motion can be resolved. For a pro se litigant awaiting the threshold federal defenses, that added delay and duplication is the opposite of the economy the low-number rule is meant to serve, and coordination would

achieve the same efficiencies without it.

**C. There Is No Genuine Risk of Conflicting Rulings.**

The Notice's central premise — that separate judges risk "conflicting rulings" — is inverted. Two judges applying different statutes, with different elements, to different parties do not produce conflicting rulings; they produce ordinary, independent adjudications, which is how related-but-distinct cases routinely proceed. The only way genuinely conflicting rulings could arise on the "same factual or legal questions" is if a single judge decided both cases — and even then the governing law differs (§ 1983 color-of-law liability versus RICO enterprise liability reaching private actors). Nor does the § 1983 court's April 3, 2026 denial of preservation relief in that action (that case's ECF No. 54) bear on this action: that ruling addressed the § 1983 posture and the defendants then before that court, and has no preclusive effect on this action's distinct preservation and merits questions against the FBI, DHS, and private parties who were never before that court on that motion.

**D. Coordination Achieves Any Efficiency Without Reassignment.**

Every economy the Notice invokes (at 3) — avoiding duplicative work, deposing common witnesses once rather than twice, de-conflicting hearings and schedules, and lowering litigation costs — can be achieved through ordinary coordination of the two dockets without transferring either case off its assigned judge. Coordination is not an informal aspiration but an exercise of the Court's inherent authority to manage related dockets — through coordinated discovery, joint or de-conflicted scheduling of overlapping depositions and hearings, and cross-referenced case-management orders — that captures the shared efficiencies without moving either case off its assigned judge. Coordinating discovery of the genuinely common facts answers the Notice's "depositions

twice" concern directly, and it does so without stripping this action from the Court that already holds its fully briefed dispositive motion. Plaintiff has consistently taken this position in this action, where he acknowledged the relationship and the Court's authority to coordinate.

## III. THE SEPARATE FILING WAS PROPER; "RELATED" DOES NOT MEAN "DUPLICATIVE"

To the extent the Notice suggests (at 2) that Plaintiff should have amended the § 1983 Action rather than file this separate action, that is, in substance, a claim-splitting argument, and it is misplaced. Improper claim-splitting requires the same parties and the same claim. Adams v. California Department of Health Services, 487 F.3d 684, 688-89 (9th Cir. 2007). Neither is present as to the added matter: this action names federal and private defendants absent from the § 1983 Action entirely — the FBI, Staybridge Suites Carlsbad / IHG, Smiles for Health DDS, dental hygienist Allison Schulz, Dr. Zorros, DDS, and the California Dental Board — who can be reached only through RICO. The Notice's assertion that, apart from four dental defendants, "all other defendants remain the same" (at 2) is therefore inaccurate: at minimum the Federal Bureau of Investigation and Staybridge Suites Carlsbad / IHG are named in this action and are not defendants in the § 1983 Action. This action further pleads independent predicate acts and later-developed facts (including CPRA productions Plaintiff alleges first revealed the enterprise structure) that post-date and fall outside the § 1983 Action. See Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) (claim preclusion "does not apply to events post-dating the filing of the initial complaint"). Plaintiff's related-case acknowledgment (FAC ¶ 8A) is a disclosure required by Civil Local Rule 40.1 — a basis for coordination, not a concession that the actions are duplicative.

**IV. CONCLUSION**

Plaintiff does not oppose a finding that the actions are related, or their reasonable coordination. Plaintiff respectfully requests, however, that the Court decline to transfer or reassign this action under the low-number rule, and instead retain this action on this Court's calendar, coordinating the dockets as the Court sees fit. The Notice seeks only a related-case determination; no consolidation is before the Court, and nothing herein consents to it.

Dated: September 4, 2026 Respectfully submitted,

Alireza "Ali" Salemi
Pro Se Plaintiff
2735 Palomar Airport Road
Carlsbad, California 92009
Telephone: (720) 208-8755
Email: alireza.salemi@udo.edu

CERTIFICATE OF SERVICE

I, Alireza Salemi, certify that on September 4, 2026, I served a true and correct copy of the foregoing on all counsel of record by electronic mail with return receipt requested (for counsel whose email addresses appear below), in accordance with Section 5 of the Court's Civil Chambers Rules, and by U.S. Mail, first-class postage

prepaid:

Nathan A. Oyster; Sydney M. Gronroos
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400, Los Angeles, CA 90071
noyster@bwslaw.com; sgronroos@bwslaw.com
Counsel for Defendants City of Carlsbad and Carlsbad Police Department

Glen F. Dorgan
Assistant United States Attorney
Office of the U.S. Attorney, 880 Front Street, Room 6293, San Diego, CA 92101
glen.dorgan@usdoj.gov
Counsel for Defendants U.S. Department of Homeland Security and Federal Bureau of Investigation

Jennifer M. Martin; Michael Reiter
Office of the San Diego City Attorney
1200 Third Avenue, Suite 1100, San Diego, CA 92101
martinjm@sandiego.gov
Counsel for Defendant City of San Diego

William C. Pate; Christina C. Mihelich; Marley A. Smith
Devaney Pate Morris & Cameron, LLP
402 W. Broadway, Suite 1300, San Diego, CA 92101
wpate@dpmclaw.com; cmihelich@dpmclaw.com; msmith@dpmclaw.com
Counsel for Defendant Encinitas Union School District

Rebecca M. Gabroy; Courtney M. Sherman

Wood, Smith, Henning & Berman LLP
6A Liberty Street, Suite 200, Aliso Viejo, CA 92656
Counsel for Defendant Staybridge Suites Carlsbad / IHG

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 4, 2026, at Carlsbad, California.

/s/ Alireza Salemi
Alireza "Ali" Salemi, Pro Se