Rebecca M. Gabroy (State Bar No. 303824)
rgabroy@wshblaw.com
Courtney M. Sherman (State Bar No. 356936)
csherman@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Phone: 949.757.4500 ♦ Fax: 949.757.4550

Attorneys for Defendants, CARLSBAD HOSPITALITY LLC, dba HOLIDAY INN CARLSBAD & STAYBRIDGE SUITES CARLSBAD

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALIREZA SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION; CITY OF CARLSBAD; CARLSBAD POLICE DEPARTMENT; CITY OF SAN DIEGO; SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER (SD-LECC); ENCINITAS UNION SCHOOL DISTRICT; STAYBRIDGE SUITES CARLSBAD / IHG HOTELS & RESORTS; SMILES FOR HEALTH DDS; CALIFORNIA DENTAL BOARD; JOHN DOES 1-50,,<br><br>Defendants. | Case No. 3:25-cv-03387-AGS-MSB<br>*(Related to 3:25-cv-2934-AGS-MSB)*<br><br>**DEFENDANTS CARLSBAD HOSPITALITY DBA HOLIDAY INN CARLSBAD & STAYBRIDGE SUITES CARLSBAD'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Hon. Andrew G. Schopler, Crtm 5C<br><br>Trial Date: None Set |

Defendants, CARLSBAD HOSPITALITY LLC, dba HOLIDAY INN CARLSBAD & STAYBRIDGE SUITES CARLSBAD (the "Hotel Defendants") hereby submit the following Opposition to Plaintiff's Motion for Leave of Court to File a Third Amended Complaint.



WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In Plaintiff's telling, the road to a decade-long racketeering enterprise involving the FBI and the Department of Homeland Security runs straight through the housekeeping department at Staybridge Suites Carlsbad. Plaintiff was a guest at Staybridge Suites Carlsbad. His proposed Third Amended Complaint ("TAC") alleges that the hotel's housekeepers, maintenance workers, and kitchen staff are participants in a decade-long racketeering enterprise centered on a regional law enforcement coordination center and including the Department of Homeland Security and the FBI, and that, acting in coordination with that enterprise, the Hotel Defendants poisoned his groceries, treated his towels with irritants, blew fiberglass through his air vents, and cut the power to his kitchenette. He alleges that strangers in the lobby delivered "scripted" threats, that hotel workers "flank" and "block" him at "choke-point[s]" every day, and that a guest-relations text suggesting he check for allergies was wire fraud.

Plaintiff now seeks to add to these allegations to cure defects identified in the Hotel Defendants' Motion to Dismiss that was previously filed and is now pending before the Court. Plaintiff's new allegations run more than 240 pages, together with more than 75 total exhibits. No amount of exhibits can make these allegations plausible, and no amendment can turn the Hotel Defendants into a state actor or a RICO enterprise. Leave should be denied as futile.

## II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff, proceeding pro se, filed his First Amended Complaint ("FAC") on April 13, 2026. Motions to dismiss the FAC as to the Hotel Defendants are pending. On May 4, 2026, Plaintiff moved for leave to file a Second Amended Complaint. On October 13, 2026, before that motion was decided, he filed the present motion under Rules 15(a)(2), 15(d), and 21, asking the Court to deny his earlier motion for leave to file a Second Amended Complaint (ECF No. 25) as moot and accept this proposed

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

TAC instead.

The TAC names Carlsbad Hospitality LLC as a new hotel defendant, in place of the generic "Staybridge Suites" entity, and adds several other new parties. It asserts RICO claims under 18 U.S.C. §§ 1962(c) and (d), claims under 42 U.S.C. §§ 1983 and 1985, *Bivens* claims, and a series of California tort and civil rights claims. It is currently supported by 69 public exhibits and seven sealed exhibits.

For the first time, the TAC alleges that staff, since 2020 at least, while "acting in coordination with the Enterprise," tampered with food and water in Plaintiff's room, treated towels and bedding with irritants, released fiberglass through the air conditioning vents into various rooms he resided in, disabled the kitchen power on Christmas Day 2025, and conducted "coordinated harassment" every day from November 19, 2024 to the present. Plaintiff claims the poisoning "followed Plaintiff, not the location," continuing at his later residences after his 2020 stay. A more detailed explanation of the specific claims against the Hotel Defendants is laid out in the Hotel Defendants' previously filed Motion to Dismiss, which is currently pending before this Court.

Plaintiff describes the hotel as one of the enterprise's "spokes," alongside a dental office, a children's hospital, a school district, and federal agencies, all in different places across the country. The injuries alleged are burning sensations, neuropathy symptoms, itching, coughing, fear, and emotional distress.

## III. <u>LEGAL STANDARD</u>

Leave to amend is not automatic. Courts weigh bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended, but "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is measured by the same standard that governs a motion to dismiss under Rule 12(b)(6). *Mendia v. Garcia*, 165 F. Supp. 3d 861, 875 (N.D. Cal. 2016). That standard requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

on its face,'" and conclusory allegations are not accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Where, as here, the plaintiff has previously amended, the court's discretion to deny further leave "is particularly broad." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## IV. <u>LEGAL ARGUMENT</u>

### A. The TAC's Allegations Against the Hotel Are Not Plausible.

The core premise of every claim against the hotel is that its employees are agents of a federal and local "Enterprise" assigned to poison and harass Plaintiff. That premise does not become plausible because Plaintiff links his own experiences to grant records and planning documents. Allegations that are "fanciful," "fantastic," and "delusional" are "clearly baseless," a category that applies when "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (citation omitted). The TAC infers coordination from strangers who spoke to Plaintiff "unprompted," from hotel workers walking in hallways, and from the fact that these alleged "symptoms" continued wherever he lived. Judicial experience and common sense do not allow those facts to support an inference of a government-directed poisoning campaign. *See Iqbal*, 556 U.S. at 679. Exhibits do not change this. Attaching public-records responses and medical records does not supply facts showing that any hotel employee agreed with any government actor to harm Plaintiff and acted in concert with governmental agencies.

### B. The RICO Claims Are Futile.

#### *1. Plaintiff alleges no injury to business or property.*

Only a person "injured in his business or property" may sue under civil RICO. 18 U.S.C. § 1964(c). A plaintiff must therefore show "that his alleged harm qualifies

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

as injury to his business or property." *Smagin v. Yegiazaryan*, 37 F.4th 562, 566 (9th Cir. 2022) (citation omitted). By permitting recovery only for harm to business and property, the statute "implicitly excludes recovery for harm to one's person." *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 601 (2025). The Ninth Circuit also requires harm to a specific property interest and a "concrete financial loss." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (citation omitted). Personal injury and emotional distress are not recoverable RICO damages. *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 825 (C.D. Cal. 2022). The injuries Plaintiff attributes in his TAC to the hotel staff's alleged conduct are physical symptoms, fear, intimidation, and emotional distress. Plaintiff's suggestion that the hotel continued to collect room charges does not help him. Pecuniary losses "most properly understood as part of a personal injury claim" are not compensable under RICO. *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2009) (citation omitted).

*2. Plaintiff does not plead an enterprise.*

An association-in-fact enterprise requires an ongoing organization and associates who function as a continuing unit with a common purpose. *D.B. v. DBZ Enters. LLC*, 839 F. Supp. 3d 910, 921–22 (C.D. Cal. 2026). In *D.B.*, the court found no enterprise where the complaint did not explain what the alleged associates knew, how they worked together as a continuing unit, or what they did to carry out the enterprise's objectives. *Id.* at 922. The TAC has the same defect. It does not allege who directed the hotel staff, how they communicated with the government defendants, or how any decision was made. It simply lists a hotel, a dentist, a hospital, a school district, and federal agencies as "spokes."

*3. Plaintiff does not plead predicate acts.*

Rule 9(b)'s particularity requirement applies to civil RICO claims predicated on mail and wire fraud. *LD v. United Behav. Health*, 508 F. Supp. 3d 583, 603 (N.D. Cal. 2020). Allegations that fail to identify the time, place, or specific content of the fraudulent communications do not satisfy that rule. *Id.* at 603–04. The only wire

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

communication that Plaintiff's TAC identifies is a franchisor's customer-service text directing Plaintiff to check for "allergies," which is not a false statement made to obtain money or property. The remaining "predicates," such as tampering with food and threats from strangers, are tort allegations with a RICO label. As the Supreme Court has explained, "harm resulting from a single tort is not a ticket to federal court for treble damages." *Med. Marijuana*, 604 U.S. at 613.

*4. The conspiracy claim fails with the substantive claim.*

Section 1962(d) prohibits conspiracies to violate RICO's substantive provisions. 18 U.S.C. § 1962(d). Because no substantive RICO violation is pleaded, the conspiracy claim fails as well. *D.B.*, 839 F. Supp. 3d at 922.

**C. The Civil Rights Claims Are Futile Because the Hotel Is Not a State Actor and No Conspiracy Is Pleaded.**

A private party is liable under § 1983 only if its conduct is "fairly attributable" to the government. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The joint action test "is intentionally demanding and requires a high degree of cooperation between private parties and state officials." *O'Handley v. Weber*, 62 F.4th 1145, 1159–60 (9th Cir. 2023). A conspiracy theory requires a "meeting of the minds" to violate constitutional rights. *Id.* at 1159 (citation omitted). A "generalized allegation of a wink and a nod understanding" does not establish an agreement. *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1212 (9th Cir. 2002). Plaintiff's TAC pleads no facts showing that any government official ever communicated with hotel staff about Plaintiff, much less agreed with them to violate his rights.

The § 1985(3) claim fails for the same reason. Like § 1983, § 1985(3) requires at least one of the alleged conspirators to be a state actor where the claimed rights restrain only official conduct. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021). "[A] mere allegation of conspiracy without factual specificity is insufficient." *Gaetz v. City of Riverside*, 722 F. Supp. 3d 1054, 1069

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

(C.D. Cal. 2024) (citation omitted). The claim also requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1185 (N.D. Cal. 2022) (citation omitted). Plaintiff's TAC's references to Plaintiff's Iranian national origin rely on a dental-office note and strangers' remarks, not on any fact connecting the hotel to a discriminatory agreement.

**D. The Length and Volume of the Pleading Confirm That Amendment Will Not Cure Its Defects.**

Rule 8 requires each allegation to be "simple, concise, and direct," and "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1102–03 (E.D. Cal. 2014) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)). Plaintiff relies on *Hearns v. San Bernardino Police Department*, 530 F.3d 1124 (9th Cir. 2008), for the proposition that length alone does not justify dismissal. *Hearns* does hold that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Id.* at 1131. But *Hearns* reviewed a Rule 41(b) dismissal with prejudice, not a motion for leave to amend. *Id.* at 1129. And the court reversed because the complaints there "were long but intelligible and allege[d] viable, coherent claims." *Id.* at 1132–33.

*Hearns* distinguished pleadings that are "verbose, confusing and almost entirely conclusory," including an amended complaint that named additional defendants without leave and was "equally as verbose, confusing and conclusory as the initial complaint." *Id.* at 1130 (quoting *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). The TAC falls on the *Nevijel* side of that line. Its problem is not length; it is that its claims against the hotel are not viable. Plaintiff has already amended once, and he now attempts to abandon a pending proposed Second Amended Complaint in favor of a third. Plaintiff says the new version adds facts and records obtained after the proposed Second Amended Complaint was drafted. For the reasons above, none of those additions states a plausible claim against the hotel. Where a plaintiff has repeatedly amended without articulating facts that would cure the

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

deficiencies, denial of further leave is proper. *Election Integrity Project*, 113 F.4th at 1099–1100.

### E. The Court Should Decline Supplemental Jurisdiction Over the State-Law Claims.

Because the federal claims are futile, the remaining California claims against the hotel would not independently support federal jurisdiction. A court may decline supplemental jurisdiction once it has "dismissed all claims over which it has original jurisdiction." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)). Leave to add those claims against Defendants should be denied as well.

## V. <u>CONCLUSION</u>

Plaintiff's proposed amendment fails to cure any of the deficiencies in his pleading and it simply magnifies them. The Hotel Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Third Amended Complaint.

DATED: November 24, 2026 WOOD, SMITH, HENNING & BERMAN LLP

By: /s/ Rebecca M. Gabroy
REBECCA M. GABROY
COURTNEY M. SHERMAN
Attorneys for Defendant, CARLSBAD HOSPITALITY LLC, dba HOLIDAY INN CARLSBAD & STAYBRIDGE SUITES CARLSBAD

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550

# PROOF OF SERVICE

**Salemi, Alireza v. U.S. Department of Homeland Security**
**Case No. 3:25-cv-03387-JLS-GC**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 6A Liberty Street, Suite 200, Aliso Viejo, CA 92656.

On November 24, 2026, I served the following document(s) described as **DEFENDANTS CARLSBAD HOSPITALITY DBA HOLIDAY INN CARLSBAD & STAYBRIDGE SUITES CARLSBAD'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 24, 2026, at Aliso Viejo, California.

/s/ Christopher L. Leong
Christopher L Leong

**SERVICE LIST**
**Salemi, Alireza v. U.S. Department of Homeland Security**
**Case No. 3:25-cv-03387-JLS-GC**
***(Related Case: 3:25-cv-2934-AGS-MSB)***

Alireza "Ali" Salemi
2735 Palomar Airport Rd.
Carlsbad, CA 92009
Tel: (720) 208-8755 / Fax:
Email: alireza.salemi@udo.edu
Plaintiff in Pro Per

WOOD, SMITH, HENNING & BERMAN LLP
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949.757.4500 ♦ FAX 949.757.4550