Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
Sydney M. Gronroos (SBN 345644)
E-mail: sgronroos@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CITY OF CARLSBAD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALIREZA SALEMI,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION; CITY OF CARLSBAD; CARLSBAD POLICE DEPARTMENT; CITY OF SAN DIEGO; SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER (SD-LECC); ENCINITAS UNION SCHOOL DISTRICT; STAYBRIDGE SUITES CARLSBAD / IHG HOTELS & RESORTS; SMILES FOR HEALTH DDS; CALIFORNIA DENTAL BOARD; SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE; COUNTY OF SAN DIEGO; JOHN DOES 1-70,

Defendants.

Case No. 3:25-cv-03387-AGS-GC

**DEFENDANT CITY OF CARLSBAD'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Date: None

Judge: Honorable Andrew G. Schopler

/ / /

/ / /

/ / /

/ / /

/ / /

Defedant CITY OF CARLSBAD, hereby submits their Opposition to Plaintiff's Motion for Leave to file Third Amended Complaint (Docket No 79).

Dated: November 25, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Sydney M. Gronroos*
Nathan A. Oyster
Caylin W. Jones
Sydney M. Gronroos
Attorneys for Defendant
CITY OF CARLSBAD

# MEMORANDUM OF POINTS AND AUTHORTIES

## I. INTRODUCTION

Plaintiff Alireza Salemi, proceeding pro se, brings this action under 42 U.S.C. § 1983 and various state-law theories against the City of Carlsbad, the Carlsbad Police Department, and other public entities, alleging a years-long, expansive conspiracy involving law enforcement agencies, prosecutors, a school district, dental providers, private individuals, and unnamed government actors. Plaintiff asserts that various actors engaged in coordinated harassment, stalking, poisoning, radiation exposure, property destruction, assault, and threats against himself and his minor son, purportedly occurring from 2016 through the present.

Plaintiff's proposed Third Amended Complaint (hereinafter "TAC") seek to add Kimberly Young as well as numerous additional conclusory allegations. Plaintiff's Motion should be denied because the amendment would cause prejudice and the proposed new allegations are futile. Plaintiff's motion should be denied for four independent reasons:

1. Plaintiff has not alleged facts demonstrating that Kimberly Young proclaimed municipal policy, exercised final policymaking authority, or caused any constitutional deprivation through an official policy.

2. Plaintiff's claims are futile to the extent they are premised on alleged failures to investigate, protect, or intervene. It is well settled that there is no constitutional right to a police investigation or to law-enforcement action.

3. Plaintiff has repeatedly failed to cure the defects of his pleadings.

4. The Action is duplicative to *Alireza Salemi v. City of Carlsbad, et al.*, Case No. 25-cv-02934-AGS-GC.

## II. LEGAL STANDARD

"A district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d

946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at 2 (C.D. Cal. Sept. 20, 2011).

## III. PLAINTIFF'S PROPOSED AMENDMENTS

In his proposed Third Amended Complaint (TAC), Plaintiff seeks to add Kimberly Young as a Defendant. Plaintiff alleged Ms. Young to be the City's Assistant Director of Emergency Services, CERT Program Manager, and former president of InfraGard San Diego Members Alliance. *See* TAC ¶65B(14). Plaintiff alleges she participated in the Enterprise through three documented official policy acts constituting the moving force of the Carlsbad enterprise node. *Id*. at ¶59A. Plaintiff further alleges that the City of Carlsbad acted through Defendant Kimberly Young who holds Carlsbad's UAWG voting seat governing UASI fund allocations that funded SD-LEXX fusion center operation, managed Carlsbad's CERT civilians corps, and served as President of InfraGard San Diego. *Id*. at ¶67(e). Plaintiff asserts she "managed, developed, and delivered twice-monthly briefings, presentations, trainings, and exercises on current and emerging threats ... in coordination with FBI San Diego, the Department of Homeland Security, and the San Diego Law Enforcement Coordination Center" to "nearly 3,000 members" including private businesses, hotels, and service providers. *Id*.

Plaintiff further asserts that Kimberly Young's signing of Carlsbad's FY2023 UASI/SHSP grant face sheet as authorized agent, her August 9, 2022 adoption of the County Operational Area Emergency Operations Plan as Carlsbad's Unified Disaster Council representative, and her November 14, 2024 UA WG vote as Carlsbad's sole UAWG representative, approving FY25 UASI allocations the final vote at which "UAWG approves projects and allocations" (FY25 UASI Guidance§ 11) - each constitute official City of Carlsbad policy. *Id*. at ¶59A.

/ / /

## IV. PLAINTIFF'S MOTION TO AMEND TO ADD KIMBERLY YOUNG AS A DEFENDANT SHOULD BE DENIED WHERE AMENDMENT IS FUTILE.

In his proposed Third Amended Complaint Plaintiff seeks to add Kimberly Young as a Defendant and asserts she participated in the Enterprise through three documented official policy acts constituting the moving force of the Carlsbad enterprise node. A city answers only when action pursuant to official municipal policy caused the constitutional tort. *Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999). The official-policy requirement separates acts of the municipality from acts of its employees, so liability is limited to conduct for which the municipality is actually responsible. *Id*. The Ninth Circuit therefore requires a plaintiff to show a deliberate policy, custom, or practice that was the moving force behind the violation. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012). Plaintiffs must also show that the qualifying circumstance was the cause in fact and the proximate cause of the deprivation. *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).

*Gillette v. Delmore,* 979 F.2d 1342 (9th Cir. 1992) sets out three routes to municipal liability. The first is a violation committed under a formal policy or a longstanding practice that is the entity's standard operating procedure. The second is a violation committed by an official with final policymaking authority, so that the act itself is official policy. The third is ratification by an official with final policymaking authority of a subordinate's unconstitutional decision and the basis for it. *Id.*

Some independence or discretion does not make an employee a final policymaker unless the decisions are final, unreviewable, and unconstrained by superiors' policies. *Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709 (N.D. Cal. 2022). In *Gagne v. City of Mesa,* No. CV-24-01337-PHX-SHD, 2025 WL 2257508 (D. Ariz. Aug. 6, 2025), the court dismissed a final-policymaker theory against a police chief. The plaintiffs identified no charter or ordinance provision vesting



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

policymaking authority in him, and the charter placed policymaking authority in the city council and made the chief subject to the city manager's direction. Here, Plaintiff identifies no City provision, municipal code section, ordinance, resolution, or delegation of authority establishing that Kimberly Young possessed final policymaking authority on behalf of the City of Carlsbad. The TAC relies entirely on her alleged role as an emergency-services official and regional participant in emergency-management organizations. Those allegations fall far short of plausibly establishing that her actions constituted official municipal policy for purposes of § 1983. The TAC still fails to identify a municipal policy directing constitutional violations, deliberate indifference, surveillance of Plaintiff, retaliation, assaults, or any deprivation of constitutional rights. Allegations concerning grants, emergency planning, CERT programs, and regional intelligence-sharing do not plausibly establish that the City adopted a policy causing the alleged injuries.

Because Plaintiff has not alleged facts demonstrating that Kimberly Young proclaimed municipal policy, exercised final policymaking authority, or caused any constitutional deprivation through an official policy, the proposed amendment does not cure the deficiencies previously identified in Plaintiff's claims against the City of Carlsbad. Accordingly, Plaintiff's request to add Kimberly Young as a Defendant is futile, and leave to amend should be denied.

## V. PLAINTIFF'S CLAIMS AGAINST THE CITY OF CARLSBAD UNDER 42 U.S.C. § 1983 ARE FUTILE.

Plaintiff's allegations concerning the City itself are limited largely to assertions that Carlsbad Police officers failed to investigate his complaints, dismissed his reports, or declined to take enforcement action. Even accepting these allegations as true, a municipality's failure to investigate or to provide police protection does not, standing alone, constitute a constitutional violation. The Ninth Circuit has consistently held that § 1983 does not impose liability on a municipality merely because its employees failed to investigate, declined to act, or exercised

discretion in responding to a citizen's complaints, absent the deprivation of an independent constitutional right. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *See also Huffman v. County of Los Angeles*, 147 F.3d 1054, 1059–61 (9th Cir. 1998) (holding that a municipality's failure to prevent or protect against private violence, absent affirmative conduct creating a danger, does not violate the Due Process Clause). Here, Plaintiff alleges no facts showing that the City of Carlsbad or any of its employees affirmatively created or increased a danger to Plaintiff or his son. Instead, Plaintiff alleges only that law enforcement failed to investigate his complaints, dismissed his reports, or did not intervene to stop alleged conduct by third parties. Such allegations, even if assumed to be true, are insufficient as a matter of law to state a constitutional claim under § 1983.

To the extent Plaintiff relies on a state-created danger theory, the TAC likewise fails. Plaintiff does not allege that the City of Carlsbad affirmatively created or increased a specific danger to him or his son. Allegations that City officials failed to intervene, failed to investigate, or failed to prevent harm caused by third parties describe nonfeasance, not the affirmative conduct required to support a state-created danger claim. Absent allegations of affirmative action by the City that placed Plaintiff in a worse position than he otherwise would have faced, no constitutional  claim is stated.

Because Plaintiff fails to allege any affirmative unconstitutional conduct by a City employee or policymaker, fails to identify a municipal policy or custom, and fails to plead facts supporting any recognized theory of municipal liability, the TAC does not state a claim under 42 U.S.C. § 1983 against the City of Carlsbad. Accordingly, Plaintiff's § 1983 claims against the City are futile. As a result, the Court should deny Plaintiff's request for leave to amend.

## VI. PLAINTIFF FAILS TO CURE THE DEFECTS

This is not Plaintiff's first attempt to amend. Plaintiff has already filed multiple versions of his complaint and has repeatedly revised his allegations. The motion itself demonstrates that Plaintiff seeks amendment largely in response to arguments raised by Defendants challenging the sufficiency of the existing pleading. Repeated failure to cure is a recognized ground for denying leave, and the court's discretion is particularly broad once the plaintiff has already amended. *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981 (9th Cir. 2009). Dismissal without leave is proper only if the complaint clearly could not be saved by amendment, and the court must act on a reasoned basis. *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048 (9th Cir. 2003).

Repeated opportunities to amend weigh against granting further leave where Plaintiff continues to present implausible and conclusory allegations and fails to establish a cognizable basis for liability. Plaintiff has already had ample opportunity to present his best case. As a result, Plaintiff should not be granted leave to file his TAC.

## VII. PLAINTIFF'S TAC SHOULD BE DISMISSED AS DUPLICATIVE.

Plaintiff Salemi has previously filed a complaint for damages in the Central District (*Alireza Salemi v. City of Carlsbad, et al*., Case No. 25-cv-02934-AGS-GC) regarding the same claims alleged in the TAC before this Court.

The prohibition against claim splitting bars subsequent litigation involving the same subject matter *Single Chip Systems Corp. v. Intermec IP Corp.,* 495 F.Supp.2d 1052, 1058 (S.D.Cal.2007), and is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 328 (9th Cir.1995).

In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action. *See Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 689 (9th Cir.2007) (overruled on other

grounds by *Taylor v. Sturgell,* 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions. *Id.*

The singularity of successive causes of action is determined by reference to the so-called "transaction test". *Id.* That test entails consideration of four criteria; namely, 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982). The last factor has been deemed the most important. *Id.* at 1202. The inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the "comprehensive disposal of litigation". *See, e.g., Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 627–28 (9th Cir.1991).

Both actions at issue here stem from the alleged "RICO enterprise" conspiracy. The claims appear identical and arise from the same alleged misconduct as to the City of Carlsbad. Plaintiff alleges the same factual allegations that the Carlsbad Police Department failed to investigate his complaints. However, as discussed above, this allegation does not impose liability on the City of Carlsbad and, therefore, cannot be a basis to state a claim against the City of Carlsbad. As a result, the Court should deny Plaintiff's Motion for Leave to File TAC.

## VIII. DEFENDANTS WOULD BE PREJUDICED IF LEAVE TO AMEND WERE GRANTED

The proposed TAC dramatically expands the scope of this litigation by asserting extensive new factual allegations, adding new defendants and Doe defendants, advancing additional legal theories, and incorporating hundreds of pages of new allegations and exhibits.

Permitting this amendment would effectively require the existing Defendants to defend what amounts to a second lawsuit arising from the same underlying events. Doing so would result in substantial duplicative litigation costs, unnecessary expenditure of resources, and significant delay, all of which would unduly prejudice Defendants. Because the proposed amendment remains legally deficient and would substantially prejudice City of Carlsbad, the Court should deny leave to amend.

## IX. CONCLUSION

For the foregoing reasons, the City of Carlsbad respectfully requests that the Court deny Plaintiff's Motion for Leave to File TAC.

Dated: November 25, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Sydney M. Gronroos*
Nathan A. Oyster
Caylin W. Jones
Sydney M. Gronroos
Attorneys for Defendant
CITY OF CARLSBAD