**DEVANEY PATE MORRIS & CAMERON, LLP**
William C. Pate (SBN 206983)
wpate@dpmclaw.com
Marley A. Smith (SBN 356724)
msmith@dpmclaw.com
402 W. Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-354-5030
Facsimile: 619-354-5035

Attorneys for Defendant ENCINITAS UNION SCHOOL DISTRICT

***Exempt from filing fees***
***Govt. Code §§ 6103 & 26857***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.

Defendants.

Case No.: 25-cv-03387-AGS-GC

**DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Judge: Hon. Andrew G. Schopler

## I. INTRODUCTION

Plaintiff Alireza Salemi ("Plaintiff") seeks leave to file a Third Amended Complaint ("TAC"). Defendant Encinitas Union School District ("District") respectfully requests that the Court deny Plaintiff's request. In both the current case and Plaintiff's related case, Case No. 3:25-cv-02934-AGS-GC, Plaintiff has developed a pattern of filing successive complaints against multiple government agencies, prompting each agency to expend substantial time and resources briefing motions to dismiss, only for Plaintiff to file another amended complaint before the Court rules on those motions. The proposed TAC exceeds 200 pages and includes hundreds of pages of exhibits, further complicating an already unnecessarily protracted pleading process.

Notably, Plaintiff has been previously issued warning by this Court regarding proper filing procedures. In the immediate case, Plaintiff filed this Notice to Amend and

successive documents without receiving a hearing date. The District agrees with the Court's assessment that Plaintiff must become familiar with the Federal Rules of Civil Procedure.

The District respectfully requests that the Court deny Plaintiff's request for leave to amend and proceed to rule on the pending motions to dismiss the operative Complaint. Doing so will allow the Court to address the threshold jurisdictional and pleading deficiencies already briefed by the parties, potentially narrow the number of defendants and claims remaining in this action, and prevent further unnecessary expenditure of judicial and governmental resources. Should any claims survive the pending motions, Plaintiff may proceed on a more focused complaint addressing the claims that are legally sufficient to remain in this litigation.

## II. PROCEDURAL HISTORY

Plaintiff filed his original Complaint on December 1, 2025. [Dkt. No. 1.] The named defendants were not served. On April 13, 2026, Plaintiff filed an Amended Complaint [Dkt. 16], and Summons were issued on April 17, 2026. [Dkt. 19]. On April 30, 2026, The Court issued notice to Plaintiff that his Amended Complaint was rejected because Plaintiff did not seek a court order to file his Amended Complaint. [Dkt. 21]. On May 4, 2025, Plaintiff filed a Motion for Leave to File Second Amended Complaint [Dkt. 25] and his Second Amended Complaint. [Dkt. 25.1].

On July 29, 2026, Encinitas Union School District ("EUSD" or "District") filed its Motion to Dismiss for Failure to State a Claim for Plaintiff's Operative Complaint. [Dkt. 52]. On August 24, 2026, Plaintiff filed his Reply to EUSD's Motion. [Dkt. 63]. Now, prior to the Court's ruling on the operative motions to dismiss, Plaintiff seeks leave to file another Amended Complaint.

Between this current case and Plaintiff's related case, Plaintiff has filed numerous Complaints. Each Complaint that EUSD has been served with has prompted EUSD to begin working on a motion to dismiss, even if the Complaint is amended prior to EUSD's ability to file said motion in regards to the previous Complaint.



DPMC | Devaney Pate Morris & Cameron LLP

Plaintiff has provided no indication that this will be his final request for leave to amend. His successive amendments have repeatedly interrupted the briefing and adjudication of the defendants' motions to dismiss, preventing the District from obtaining a ruling on threshold legal issues and delaying the litigation. The District now requests that the Court put an end to this cycle and address the pending motions before permitting further amendments.

## III. LEGAL STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend pleadings when justice so requires. However, this liberal policy does not require courts to permit amendments under all circumstances. In determining whether leave to amend is appropriate, courts consider whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Although Rule 15 favors liberal amendment, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Moreover, the Ninth Circuit recognizes that a district court's discretion to deny leave to amend is particularly broad where a plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

## IV. ARGUMENT

### A. Plaintiff has Demonstrated Bad Faith in his Amended Complaints

A plaintiff's bad faith or dilatory motive is a recognized basis for denying leave to amend under Rule 15. Foman, 371 U.S. at 182. Courts may consider whether a plaintiff's proposed amendment is intended to prolong litigation rather than meaningfully address the deficiencies in the existing pleading. See *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *Fresno Unified School District v. K.U. ex rel. A.D.U.*, 980 F.

Supp. 2d 1160, 1178–79 (E.D. Cal. 2013).

Here, Plaintiff's litigation conduct demonstrates a repeated pattern of filing amended complaints before the Court can resolve the defendants' pending motions to dismiss. This pattern is particularly concerning given Plaintiff's conduct in the related action, Case No. 3:25-cv-03387-AGS-GC, where he has similarly sought multiple amendments while asserting substantially similar allegations against many of the same government agencies. Plaintiff's conduct across these related proceedings suggests that he is not simply attempting to correct isolated pleading deficiencies, but is repeatedly changing the operative pleadings in a manner that prevents the defendants' motions from being adjudicated.

The District recognizes that a plaintiff should ordinarily be afforded an opportunity to correct deficiencies in a complaint. However, that opportunity should not become an endless cycle in which defendants are required to repeatedly brief substantially similar motions without receiving a ruling. Plaintiff's continued amendments have already delayed this litigation and have imposed unnecessary costs on the District and the other governmental defendants. The Court should consider this pattern when evaluating whether further amendment is consistent with the interests of justice.

**B. Plaintiff has Not Cured the Errors in His Former Complaints and the Third Amended Complaint is Subject to Dismissal**

Another recognized basis for denying leave to amend is a plaintiff's repeated failure to cure deficiencies through amendments previously allowed. *Foman*, 371 U.S. at 182. Although Plaintiff has already amended his pleading, the District's pending motion to dismiss demonstrates that the SAC continues to suffer from fundamental jurisdictional and pleading deficiencies. Plaintiff's proposed TAC does not cure the errors in the TAC's predecessors. Most notably, Plaintiff does not cure the procedural issues regarding his lack of standing to prosecute this case on behalf of his minor son, and continues to claim damages on his minor son's behalf.

///



DPMC | Devaney Pate Morris & Cameron LLP

The proposed TAC does not warrant another opportunity to restart the litigation merely because Plaintiff has added hundreds of pages of allegations and exhibits. The relevant inquiry is not the volume of material Plaintiff has submitted, but whether the proposed amendments actually cure the legal deficiencies identified in the pending motion to dismiss. The TAC continues to assert claims that fail to establish subject matter jurisdiction or otherwise fail to state a legally cognizable claim, those claims remain subject to dismissal.

The District has already briefed these issues and has provided Plaintiff with ample notice of the deficiencies in his pleadings. Rule 15 does not require the Court to continue granting leave where successive amendments fail to resolve the fundamental problems with a plaintiff's claims. Accordingly, Plaintiff's repeated failure to cure the deficiencies identified by the District weighs against granting further leave to amend.

## V. CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Third Amended Complaint. Plaintiff has repeatedly amended his pleadings without resolving the fundamental deficiencies identified by the District, delayed the adjudication of pending motions, and imposed unnecessary costs and burdens on the governmental defendants. The Court should permit the pending motions to dismiss to be resolved before allowing Plaintiff another opportunity to amend and further prolong this litigation.

Dated: November 25, 2026

DEVANEY PATE MORRIS & CAMERON, LLP

By: */s/ William C. Pate*
William C. Pate
Marley A. Smith
Attorneys for Defendant
ENCINITAS UNION SCHOOL DISTRICT







DPMC | Devaney Pate Morris & Cameron LLP